HENRY L. MEYERS v. CITY OF MINNEAPOLIS AND OTHERS.[1]

No. 23,144.

September 8, 1922.

**Supreme Court has no power to grant an injunction pending an appeal.**
    The Supreme Court has no power to grant an injunction pending an appeal. Motion to stay defendants from enforcing a city ordinance denied. [Reporter.]
                            January 12, 1923.

**Permit to operate stone quarry in Minneapolis may be required by city council.**
    1. Under the general welfare clause of the charter of Minneapolis its common council may require a permit for the operation of a stone quarry within its limits, following the principle of State v. Dirnberger, 152 Minn. 44, 187 N. W. 972.

**Quarry owner not entitled to injunction when he has not applied for permit.**
    2. The owner of such a quarry must have a permit before operating, and without applying for it he cannot have an injunction against the enforcement of an ordinance requiring a permit.

[1]Reported in 189 N. W. 709 and 191 N. W. 609.

**City ordinance apparently valid—regulation must be within constitutional limits.**

3. The ordinance is valid on its face. If the quarry owner is wrongly denied a permit he has a remedy. The power of regulation resting in the city is extensive but must be exercised within constitional limits.

Action in the district court for Hennepin county to restrain defendants from enforcing a Minneapolis ordinance requiring a permit for operating stone quarries. Plaintiff's motion for a temporary injunction was denied, Molyneaux, J. From the order denying plaintiff's motion, he appealed. Affirmed.

*Fish, Carleton, Cherry & Carleton,* for appellant.

*Neil M. Cronin* and *R. S. Wiggin,* for respondent city.

*John R. Coan, Thompson, Hessian & Fletcher* for respondents Gemlo, Coan & Thompson.

On September 8, 1922, the following opinion was filed:

PER CURIAM.

The action is to enjoin defendants from enforcing an alleged void ordinance which prohibits the operation of stone quarries within the city limits without a permit from the council. Plaintiff is the present owner of the stone quarry involved in Brede v. Minnesota Crushed Stone Co. 143 Minn. 374, 173 N. W. 805, 6 A. L. R. 1092, and 146 Minn. 406, 178 N. W. 820, 179 N. W. 638, and alleges facts tending to show that it would be useless for him to apply for a permit. The court below granted an order to show cause why a temporary injunction should not issue, staying defendants pending the hearing. On the hearing the temporary injunction was denied and the restraining order vacated. The court, however, gave a few days stay so as to allow plaintiff opportunity to seek redress in this court. He appeals from the order denying the temporary injunction, and moves this court for an order staying defendants from proceeding to enforce the ordinance and from interfering with the operation of the quarry pending the appeal.

In United States Elect. Light Co. v. Ross, 9 App. Cas. (D. C.) 558, 559, it is held: "On appeal from an interlocutory order deny-

ing an injunction and discharging a restraining order previously granted, the appellate court cannot restore such restraining order, or grant a new one to take its place, as the function of the temporary restraining order ceases when the prayer for injunction is refused." The syllabus in Hicks v. Michael, 15 Cal. 107, is: "The Supreme Court has no power to grant an injunction pending an appeal." To the same effect is State v. Wakely, 28 Neb. 431, 44 N. W. 488, and Roberts v. Kartzke, 18 Idaho, 552, 111 Pac. 1.

Grant that under the power given this court by sections 121 and 122, G. S. 1913, it may, when an appeal is perfected, take such steps as may be necessary to give effect to the final determination of the issues litigated, still this case does not call for an exercise of such power. If this appeal is decided in favor of appellant the ordinance will not thereafter interfere with the operation of his quarry, and it cannot be said that the decision herein is likely to be of no effect unless a stay is ordered. Appellant cites the stay granted in Minneapolis Gaslight Co. v. City of Minneapolis, 123 Minn. 231, 143 N. W. 728, as a precedent, but there a stay was given in the court below which expired the day after the appeal was argued and on the day of the expiration of the stay this court on an application, to which apparently there was no opposition, granted a stay until a determination of the appeal. That was a case relating to the rates of a public utility plant and interests of a great part of the inhabitants of a city were involved. This is not a parallel case.

An early date for the hearing of the appeal will be granted, depending on the expedition with which plaintiff serves and files his brief; but a stay is denied.

On January 12, 1923, the following opinion was filed:

DIBELL, J.

Action to restrain the defendants from enforcing an ordinance of the city of Minneapolis requiring a permit for the operation of stone quarries. There was a motion for a temporary injunction which was denied. The plaintiff appeals from the order denying it. The motion was submitted on the verified complaint, answer and reply.

1. The plaintiff owns a stone quarry in Minneapolis. It has

furnished the subject matter of litigation in Brede v. Minnesota Crushed Stone Co. 143 Minn. 374, 173 N. W. 805; Millett v. Minnesota Crushed Stone Co. 145 Minn. 475, 177 N. W. 641, 179 N. W. 682; and Brede v. Minnesota Crushed Stone Co. 146 Minn. 406, 178 N. W. 820, 179 N. W. 638.

On August 20, 1919, the common council of Minneapolis enacted an ordinance prohibiting the operation of a stone quarry or grounds for the quarrying, crushing or production of stone products without first having obtained a permit from the council. The charter does not expressly authorize such regulation. It need not do so. The general welfare clause is a sufficient grant of authority. State v. Dirnberger, 152 Minn. 44, 187 N. W. 972.

2. About January 1, 1922, the plaintiff became the owner of the stone quarry. It is unnecessary to follow the course of the municipal orders or legislation in 1920 and 1921. It is sufficient to say that there was no permit to operate the stone quarry after November 1, 1921. The plaintiff has not applied for a permit. There is pending against him a prosecution in the municipal court for operating without a permit. This prosecution is one of the things he asks to have enjoined. He is not entitled to injunctional relief. He does not have a permit and without it he cannot operate. State v. Rosenstein, 148 Minn. 127, 181 N. W. 107; State v. Amor & Co. 153 Minn. 244, 190 N. W. 59.

3. If upon proper application the plaintiff is denied a permit he has a remedy. State v. Rosenstein, 148 Minn. 127, 181 N. W. 107; State v. Amor & Co. 153 Minn. 244, 190 N. W. 59. Under its general welfare clause Minneapolis has an extensive right of regulation of industries such as the one here involved. Such right is not unlimited. In both Brede cases, 143 Minn. 374, 173 N. W. 805, and 146 Minn. 410, 178 N. W. 820, 179 N. W. 638, suits between private parties, a distinction was drawn between industries, like mines and quarries, which must be conducted where nature located the material, and industries not localized. On its face the ordinance is not unconstitutional. Regulatory municipal legislation may be unwise or unfair or arbitrary or prompted by partisan motives and still not be subject to judicial correction or control. It may be unjust and

still be constitutional, but a point of saturation may be reached beyond which regulation may not constitutionally go.

Order affirmed.