## STATE v. AMOR & COMPANY.[1]

October 13, 1922.

No. 23,071.

**Municipal ordinance valid.**

1. An ordinance of the city of Minneapolis providing that no person shall carry on the undertaking business in the city without a permit from the city council is constitutional and valid.

**Violation of ordinance inexcusable.**

2. If the council arbitrarily denies a permit, the applicant has his remedy, but he is not by that fact justified in defying the ordinance by doing the prohibited act.

**Permit not good for unauthorized location.**

3. A permit to carry on such business in one location does not give permission to carry on the business in another location.

Criminal complaint was made to the municipal court of Minneapolis charging defendant with carrying on its undertaking business at specified premises without first obtaining a permit from the city council so to do. A warrant was issued, defendant was arrested, tried in the municipal court before Reed, J., and found guilty as charged and fined $100. From the judgment entered pursuant to the order for judgment and from an order denying its motion for a new trial, defendant appealed. Affirmed.

*George S. Grimes*, for appellant.

*Neil M. Cronin*, City Attorney, and *Thomas B. Kilbride*, Assistant City Attorney, for respondent.

[1]Reported in 190 N. W. 59.

HALLAM, J.

Defendant is engaged in the undertaking business in Minneapolis. Prior to March 1, 1922, it conducted its business at 829 Second Avenue South and had a permit from the city council to do so. It applied to the city council for a permit to conduct its business at 2300 Hennepin avenue. The permit was refused. Defendant nevertheless conducted its business at 2300 Hennepin Avenue and this prosecution was commenced, charging defendant with operating said business without a permit from the city council. Defendant was convicted and takes this appeal.

1. An ordinance of the city of Minneapolis provides that no person shall maintain or use any building or place in said city as an undertaking establishment or carry on the undertaking business in said city without having first obtained permission from the city council authorizing the same. This is the ordinance which defendant is charged with violating. It is contended that this ordinance is unconstitutional and void, in that it vests in the council arbitrary power to say where such business may be conducted or who shall conduct it, that it abridges the privileges of the defendant as a citizen, deprives it of its property without due process of law and denies to it the equal protection of the laws. No particular constitutional provision is mentioned, but presumably defendant's contention has reference to the Fourteenth amendment to the Federal Constitution. This contention was determined adversely to defendant in State v. Dirnberger, 152 Minn. 44, 187 N. W. 972. It was there held, following Fischer v. St. Louis, 194 U. S. 361, 24 Sup. Ct. 673, 48 L. ed. 1018, that an ordinance providing that no person shall operate a laundry within the city without first obtaining a permit from the city council was not contrary to the Federal Constitution and that it was valid. The question of what the rights of the parties might be if the power to issue permits should be abused by arbitrary or discriminatory action was not decided. We follow the Dirnberger case and hold the ordinance valid.

2. It is contended that in the operation of this ordinance the council did arbitrarily discriminate against the defendant, and defendant offered evidence intended to prove the arbitrary character

of the action of the council. This evidence was rejected and of this defendant complains. This contention was determined adversely to defendant in State v. Rosenstein, 148 Minn. 127, 181 N. W. 107. The precise question raised here was raised there, and it was held that a person who is arbitrarily refused a permit to carry on an occupation doubtless has a remedy, but he "may not defy the law by doing the prohibited act, and then be heard in defense on the ground of the alleged arbitrary action of the council in refusing him a license." The evidence was properly rejected.

3. The permit which defendant obtained for carrying on its business at 829 Second Avenue South does not avail him. Location may be quite as important as personality in the granting of a permit of this character.

Judgment and order affirmed.