## CITY OF DULUTH v. BEN F. EVANS.[1]

March 21, 1924.

No. 23,868.

**Judgment sustained by evidence.**

1. Record examined and *held* evidence sufficient to sustain the judgment.

**No inconsistency between state and city regulations of liquor sales.**

2. A city ordinance regulating liquor traffic is not inconsistent with general law merely because penalties in the former are less than in the latter.

**When city ordinance is consistent with state law.**

3. A city ordinance, covering a subject also covered by a state law, is valid, if it is consistent with the state law and preserves the standard of regulation as moulded by such general law.

[1]Reported in 197 N. W. 737.

Complaint was made against defendant for keeping a blind pig, to-wit: A place for selling intoxicating liquors, in violation of an ordinance of the city of Duluth. The case was tried in the municipal court of that city before Funck, J., who when the city rested denied defendant's motion to dismiss the complaint, and found defendant guilty as charged. From the order of the municipal court denying defendant's motion for a new trial, he appealed to the district court for St. Louis county, where the order was affirmed by Hughes, Dancer, Fesler and Magney, JJ. From their order, defendant appealed to the supreme court. Affirmed.

*McHugh & O'Donnell*, for appellant.

*John B. Richards*, City Attorney, and *Harry E. Weinberg*, Assistant City Attorney, for respondent.

WILSON, C. J.

The defendant was convicted in the municipal court of the city of Duluth of the offense of selling intoxicating liquors in violation of city ordinance No. 1472 of the city of Duluth. Defendant made a motion for a new trial which was denied, and he appealed to the district court of St. Louis county. That court affirmed the order of the trial court, and from the order of the district court denying defendant's motion for a new trial he has appealed to this court.

1. It is claimed that the judgment of the court is not justified by the evidence. It is sufficient to say that a witness testified that he bought a bottle of liquor, and two officers testified that the defendant admitted having sold the bottle to the alleged purchaser. This testimony is denied and things are shown tending to discredit the principal witness, but these only go to the credibility and there is ample evidence, if true, and the trial court has found it to be true, to sustain the conclusion that the defendant was guilty of illegally selling liquor—an offense included in the complaint which was broad enough to cover a "blind tiger."

2. Defendant also says that his conviction is wrongful, for the reason that he claims the ordinance under which he was convicted is void.

The first ground given for this assertion is that the ordinance is an attempt to duplicate chapter 455, p. 537, Laws 1919, as amended, except that it provides lesser penalties than the state law, and is therefore inconsistent with the general law and is void. In this claim we cannot concur. We do recognize that, if a city should pass an ordinance regulating liquor traffic which would assume to lower the standard of regulation as provided by the state law, it would be inconsistent with the general law and void. Evans v. City of Redwood Falls, 103 Minn. 314, 115 N. W. 200. This ordinance and the state law are very much alike, and the one is made in apparent recognition and respect for and of the other. There is not a great difference in the penalties and such difference as exists is doubtless out of necessity so that the prosecutions may be expeditiously disposed of in the municipal court. The ordinance is co-operative and not antagonistic to the general law. Ordinances may be valid when they relate to the same matter as a state law, even though the punishment prescribed in both be not the same. State v. Harris, 50 Minn. 128, 52 N. W. 387, 531. Even if the penalty be less, the ordinance may be, and doubtless is, an important adjunct in preserving the standard of regulation as moulded by the general law. Being of such character it is valid.

Evans v. City of Redwood Falls, supra; State v. City of Duluth, 134 Minn. 355, 159 N. W. 792, Ann. Cas. 1918A, 683; City of Virginia v. Erickson, 141 Minn. 21, 168 N. W. 821.

It is also argued that there is an inconsistent provision in reference to seizure and disposition of property used in the prohibited acts. It is sufficient to say that no seizure was had in this case and this question, like others not covered by record and briefs, is not before the court.

Order affirmed.