## STATE EX REL. FRANCIS C. CARY v. MUNICIPAL COURT OFFICERS OF MINNEAPOLIS AND ANOTHER.[1]

March 26, 1926.

No. 25,458.

**Ordinance requiring permit for installation of oil burner not unconstitutional.**

An ordinance of Minneapolis is not unconstitutional in requiring a permit from the city fire marshal as a condition to the installation of an oil burning device.

Habeas Corpus 29 C. J. p. 25 n. 4; p. 30 n. 15; p. 52 n. 27.
Licenses 37 C. J. p. 220 n. 5.
Municipal Corporations 28 Cyc. p. 745 n. 24.

[1]Reported in 208 N. W. 642.

Upon the relation of Francis C. Cary the district court for Hennepin county granted its writ of habeas corpus directed to the municipal officers of the city of Minneapolis and H. M. Burke. Upon the hearing before Bardwell, J., the relator was discharged. Respondent appealed and there was a trial de novo in this court. Writ quashed.

*Neil M. Cronin,* City Attorney, and *Thomas B. Kilbride,* Assistant City Attorney, for appellant.

*Francis C. Cary, pro se,* and *Harry H. Nelson,* for respondent.

DIBELL, J.

The relator was convicted in the municipal court of Minneapolis of the violation of an ordinance of the city relating to the installation of oil burners. A writ of habeas corpus was issued from the Hennepin district court, and upon the hearing he was discharged. The officer in whose custody he was appeals. The appeal comes to us for a trial de novo. We know nothing of what was presented to the district court, and we hear the writ, as an original proceeding, on what is presented to us. We have before us only the writ and the return.

The writ challenges the jurisdiction of the municipal court. It is not a substitute for an appeal. To discharge the relator we must hold that the municipal court was without jurisdiction because the ordinance, under which the conviction was had, is unconstitutional; if not so the writ should be quashed and the relator remanded.

The ordinance provides that no one shall install "any oil burning device or equipment connected therewith for heating purposes" without obtaining a license for which an annual fee of $25 is required; nor without first obtaining a permit from the city fire marshal for which a fee of $2 for each installation is required.

The relator was convicted of installing without a permit. That it is within the police power of the city to make regulations by ordinance relative to the installation of oil burning devices does not admit of question. The ordinance is drawn in great detail. There

may or may not be difficulties in the administration of it. It is unnecessary that we discuss it in detail. We see nothing in the requirement of a permit, for which a fee is to be paid, making the ordinance unconstitutional, nor can we hold on this hearing that it is unconstitutional for other reasons.

The writ is quashed and the relator is remanded.