STATE v. CARL LINDQUIST.[1]

May 20, 1927.

No. 26,012.

**Building inspector of Minneapolis has only ministerial duties in issuing permit for work on building.**

1. An ordinance of the city of Minneapolis provides that no person shall carry on the business of plastering or doing stucco work without obtaining a license from the city council. It also provides that before any such work is done a permit therefor shall be obtained from the inspector of buildings. To obtain the permit, the applicant must fill in a blank form furnished by the inspector, stating the location, nature, extent and cost of the proposed work and, upon the filing of such an application and payment of a fee, the inspector must issue the permit. *Held*, that the duties of the inspector, in passing on applications, are fixed and certain; that he has no discretion to refuse to issue a permit if the application conforms to the requirements of the ordinance; and that only ministerial powers are delegated to him.

**Offer of accused to prove he applied for permit denied.**

2. There was no error in the rejection of defendant's offer to show that he had applied for a permit and that his application had been denied arbitrarily, for, if the denial was arbitrary, defendant could not do the prohibited act in defiance of the ordinance but must resort to some other remedy.

Municipal Corporations, 28 Cyc. p. 695 n. 87; p. 696 n. 93; p. 736 n. 47; p. 745 n. 24; p. 779 n. 44; p. 810 n. 5.

[1]Reported in 214 N. W. 260.

Defendant appealed from a judgment of the municipal court of Minneapolis, Fosseen, J.

*Robertson & Bonner,* for appellant.

*Neil M. Cronin,* City Attorney, and *Palmer B. Rasmussen,* Assistant City Attorney, for the state.

LEES, C.

This is an appeal from a judgment of the municipal court of the city of Minneapolis, rendered upon the conviction of the defendant of a violation of an ordinance regulating the construction of buildings. Section 206 of the ordinance reads in part as follows:

"It shall be unlawful for any person * * * to commence or proceed with any inside plastering or outside stucco work on any building * * * in the City of Minneapolis without first obtaining and having a permit therefor from the Inspector of Buildings, * * * and all such work shall be done under the supervision and subject to the inspection and approval of the Department of Buildings of said city. * * *

"No person * * * shall carry on the business of plastering or stucco work within the City of Minneapolis without first having obtained a license so to do from the City Council."

The complaint charged defendant with doing the outside stucco work on a dwelling house in Minneapolis without a permit. At the trial the defendant offered to show that before he commenced to do the work he applied for a permit and was denied one on the ground that he had failed to obtain the license from the city council which is required by the ordinance. Objection to the offer was sustained.

The appeal presents two questions: (1) Is the ordinance valid? (2) Did the court err in excluding the offered evidence?

1. The ordinance is assailed on the ground that power involving the exercise of judgment and discretion is delegated to the inspector of buildings. If this be true, the ordinance cannot be upheld. Darling v. City of St. Paul, 19 Minn. 336 (389); In re Wilson, 32 Minn. 145, 19 N. W. 723; Minneapolis Gas Light Co. v. City of Minneapolis,

36 Minn. 159, 30 N. W. 450; State ex rel. Labovich v. Redington, 119 Minn. 402, 138 N. W. 430.

It is conceded that the Minneapolis home rule charter confers power upon the city council to regulate the construction of buildings, and it is not contended that the inspector of buildings has no authority to enter upon and examine all buildings in process of construction and to direct the suspension of building operations which do not conform to the regulations established by the city council.

By the terms of the ordinance, before any person may lawfully engage in the business of plastering or doing outside stucco work he must obtain a license from the city council, and before doing a particular piece of work he must get a permit from the inspector of buildings.

Attention is called to a provision of the ordinance establishing a building code for the city of Minneapolis referring to permits. Applications therefor must be made on blank forms furnished by the inspector of buildings and must state the location, nature, extent and cost of the proposed work. When such application is filed and the required fee is paid, the inspector must issue the permit. Everything the applicant must do to obtain a permit is specified in the ordinance. The duties of the inspector, in passing on the application, are fixed and certain. He has no discretion in the exercise whereof he may refuse to issue a permit if the application is made in conformity to the requirements of the ordinance.

As a general rule, a municipal corporation may authorize an officer to exercise functions which are purely ministerial. State ex rel. Cary v. Municipal Court of Minneapolis, 166 Minn. 440, 208 N. W. 642; McQuillin, Mun. Corp. § 387. As was said in Jewell Belting Co. v. Village of Bertha, 91 Minn. 9, 97 N. W. 424:

"Ministerial functions are. those that are absolute, fixed, and certain, in the performance of which the * * * officer exercises no discretion whatever."

As we read the ordinance, the exercise of all discretionary powers is reserved to the city council. That body may grant or refuse a license to a person who proposes to do plastering or stucco work

within the city; but, once a license is granted, the inspector of buildings has only ministerial functions to perform when the licensee makes proper application for a permit.

Ordinances requiring a license from the city council before a person may carry on a particular trade or business have been upheld on the theory that the police power is broad enough to justify such a requirement. State ex rel. Minces v. Schoenig, 72 Minn. 528, 75 N. W. 711 (conductors of gift, fire and bankrupt sales); State v. Dirnberger, 152 Minn. 44, 187 N. W. 972 (laundrymen); State v. Amor & Co. 153 Minn. 244, 190 N. W. 59 (undertakers); Meyers v. City of Minneapolis, 154 Minn. 238, 189 N. W. 709, 191 N. W. 609 (quarrymen).

As we read defendant's brief, it is conceded that the city council did not exceed its powers in enacting the ordinance or in requiring persons following defendant's occupation to obtain a license from the council. The principal contention is that there was an unlawful delegation of power to the inspector of buildings and an attempt to give him unlimited discretion to grant or refuse permits to plaster the inner walls or apply stucco to the exterior of buildings erected in the city of Minneapolis. For the reasons already stated, we think that this attack on the ordinance must fail.

2. The proof which defendant offered to make of his application for a permit and the refusal to issue it was properly excluded. The arbitrary denial of a proper application for a license or permit may entitle the applicant to a remedy; but he cannot do the prohibited act in defiance of a valid ordinance and then be heard to say in defense that the refusal of the license or permit was arbitrary. State v. Rosenstein, 148 Minn. 127, 181 N. W. 107; State v. Amor & Co. supra; Meyers v. City of Minneapolis, supra.

Judgment affirmed.

## ON PETITION FOR REHEARING.

On June 3, 1927, the following opinion was filed:

PER CURIAM.

The petition for a rehearing must be denied, but to clear up an

apparent doubt as to the scope of the decision we take occasion to say that the only points determined are set forth in the syllabus. Whether the ordinance requiring plasterers and stucco workers in the city of Minneapolis to obtain a license from the city council to carry on their business is valid is a question left open for determination when it is directly presented to this court. The question was not raised or discussed in the briefs and was not considered by the court in disposing of the appeal.