## STATE v. CLARKE PLUMBING & HEATING, INC.[1]

December 26, 1952.

No. 35,802.

---

[1]Reported in 56 N. W. (2d) 667.

*L. W. Crawhall,* for appellant.

*John F. Bonner,* City Attorney, *Leo P. McHale,* Assistant City Attorney, and *Raymond H. Hegna,* Assistant City Attorney, for the State.

LORING, CHIEF JUSTICE.

This is a prosecution for the violation of an ordinance of the city of Minneapolis brought in the municipal court of that city. Defendant is a corporation engaged in the business of installing heating and plumbing equipment and is licensed by the city of Minneapolis to install heating systems as required by an ordinance passed October 25, 1935.[2] Another ordinance, passed June 28, 1935, requires a separate permit for each installation of heating equipment where the space to be heated exceeds 100,000 cubic feet.[3] Only licensed installers can obtain a permit. Pursuant to the terms of this latter ordinance, defendant applied for a permit for a certain heating installation involving space in excess of 100,000 cubic feet and submitted the plans for this installation to the city building inspector. The plans admittedly conformed to all requirements of the permit ordinance, except that they were not "prepared and signed by a 'Registered Professional Engineer' duly qualified by registration as required by [state law]." On the sole basis of this deficiency, the building inspector refused to issue the permit. Defendant, nevertheless, proceeded with the installation and this prosecution followed.

There was no dispute as to the facts. The sole defense offered by defendant was that certain provisions of the permit ordinance are unreasonable and unconstitutional. The prosecution contended that, by accepting a license, defendant was bound by the provisions

[2]Minneapolis City Charter and Ordinances (Perm. ed.) 3:11.

[3]Minneapolis City Charter and Ordinances (Perm. ed.) 3:1-102, 3:1-103.

of the permit ordinance and could not raise the question of their reasonableness or constitutionality. This appeal is from the judgment of the lower court, finding defendant guilty of violating the ordinance.

■ A municipal corporation is a governmental subdivision of limited powers, which, generally, are contained in the city charter or other enabling legislation. Enactments of the governing body of a city must not only be within this delegated authority but also must not conflict with the federal or state constitution or the state law. State ex rel. Lachtman v. Houghton, 134 Minn. 226, 158 N. W. 1017, L. R. A. 1917F, 1050; Monaghan v. Armatage, 218 Minn. 108, 15 N. W. (2d) 241, appeal dismissed, 323 U. S. 681, 65 S. Ct. 436, 89 L. ed. 552; Lovell v. City of Griffin, 303 U. S. 444, 58 S. Ct. 666, 82 L. ed. 949. Furthermore, where the authority of the city to enact any given regulation or ordinance is, by its terms, *general,* any ordinance passed pursuant thereto must be a *reasonable* exercise of that power, or it will be pronounced invalid. State v. Houston, 210 Minn. 379, 298 N. W. 358; Village of Golden Valley v. M. N. & S. Ry. 170 Minn. 356, 212 N. W. 585; and see authorities collected in dissent to Anderson v. City of St. Paul, 226 Minn. 186, 205, 32 N. W. (2d) 538, 548. It, therefore, has always been a good defense to a prosecution for the violation of an ordinance to assert that, by its very terms, the ordinance is unreasonable or unconstitutional on its face. See, State v. Lindquist, 171 Minn. 334, 214 N. W. 260. Such is the position of defendant in the case at bar.[4]

---

[4]It is to be emphasized that the defense offered here is not that any issuing body acted arbitrarily or abused any discretionary power but rather that certain provisions of the ordinance itself are invalid. For cases involving the former defense, see State v. Amor & Co. 153 Minn. 244, 190 N. W. 59; State v. Rosenstein, 148 Minn. 127, 181 N. W. 107; State v. Lindquist, 171 Minn. 334, 214 N. W. 260. Furthermore, we do not mean to indicate what the rights of the licensee may be in the case of a license-revocation proceeding. See, Abeln v. City of Shakopee, 224 Minn. 262, 28 N. W. (2d) 642; Minneapolis St. Ry. Co. v. City of Minneapolis, 229 Minn. 502, 40 N. W. (2d) 353, appeal dismissed, 339 U. S. 907, 70 S. Ct. 574, 94 L. ed. 1335. See, also, Cofman v. Ousterhous, 40 N. D. 390, 168 N. W. 826, 18 A. L. R. 219.

However, it is the position of the prosecution here that defendant in this case is estopped or otherwise prohibited from asserting the invalidity of the ordinance because it is licensed to practice the trade with which the ordinance is concerned. The answer to this contention is simply that this action, whatever the true nature of it may be,[5] definitely involves the possibility of defendant being deprived of liberty or property.[6] It is, therefore, quite proper to defend the action on the grounds that the substantial or constitutional rights of defendant have been infringed by the enforcement of the ordinance. See, State v. Wilson, 212 Minn. 380, 382, 3 N. W. (2d) 677, 678, and cases cited therein. There may be certain situations in which a person is prevented by his conduct from asserting the invalidity of a law,[7] but, in a prosecution for the violation of a city ordinance, the mere fact that defendant is licensed to practice the trade with which the ordinance is concerned will not prevent him from defending the action on the grounds that the ordinance is unreasonable or unconstitutional. A similar contention was presented to the United States Supreme Court in W. W. Cargill Co. v. Minnesota, 180 U. S. 452, 468, 21 S. Ct. 423, 429, 45 L. ed. 619, 626,

---

[5]For comments on the nature of a prosecution for the violation of a city ordinance, see State v. End, 232 Minn. 266, 45 N. W. (2d) 378; State v. Siporen, 215 Minn. 438, 10 N. W. (2d) 353; 36 Minn. L. Rev. 143.

[6]Minneapolis City Charter and Ordinances (Perm. ed.) 3:1-1803, provides for punishment of a fine of not less than $10 nor more than $100 for every offense, or imprisonment not exceeding 90 days; on authority of Id. c. 4, § 6.

[7]To be distinguished are cases involving acceptance of contract benefits from a municipal corporation, wherein the person so benefited is estopped to defend his nonperformance by asserting that the municipal corporation had no authority to contract. William Deering & Co. v. Peterson, 75 Minn. 118, 77 N. W. 568; see, also, First Nat. Bank v. Halvorson, 176 Minn. 406, 223 N. W. 618. It is also true that a person cannot, in one action, seek the benefits of a law or ordinance and also challenge its constitutionality. See, Byard v. Commr. of Taxation, 209 Minn. 215, 296 N. W. 10; see, Gale v. Commr. of Taxation, 228 Minn. 345, 37 N. W. (2d) 711. See, also, Schutt v. City of Kenosha, 258 Wis. 83, 44 N. W. (2d) 902. It was there held that a licensee cannot bring an action to enjoin enforcement of the licensing ordinance on grounds that it was unconstitutional.

and, in upholding the right of the state of Minnesota to license grain elevators, the court said:

"The defendant however insists that some of the provisions of the statute are in violation of the Constitution of the United States, and if it obtained the required license, it would be held to have accepted all of its provisions, and (in the same words of the statute) 'thereby to have agreed to comply with the same.' § 1. The answer to this suggestion is that the *acceptance of a license, in whatever form, will not impose upon the licensee an obligation to respect or to comply with any provisions of the statute or with any regulations prescribed by the state Railroad and Warehouse Commission that are repugnant to the Constitution of the United States.* A license will give the defendant full authority to carry on its business in accordance with the valid laws of the State and the valid rules and regulations prescribed by the Commission. If the Commission refused to grant a license, or if it sought to revoke one granted, because the applicant in the one case, or the licensee in the other, refused to comply with statutory provisions or with rules or regulations inconsistent with the Constitution of the United States, the rights of the applicant or the licensee could be protected and enforced by appropriate judicial proceedings." (Italics supplied.)

See, also, United States v. Smith (1 Cir.) 39 F. (2d) 851, 856; United States v. McMurtry (D. C.) 48 F. (2d) 258, 261.[8]

This court has indicated similar limitations:

"* * * The rights and liberty of the citizen are all held in subordination * * * to such *reasonable* regulations and restrictions

[8]An analogous ruling is that "a foreign corporation by seeking and obtaining permission to do business in a State does not thereby become obligated to comply with or estopped from objecting to any provision in the state statutes which is in conflict with the Constitution of the United States." Power Mfg. Co. v. Saunders, 274 U. S. 490, 497, 47 S. Ct. 678, 680, 71 L. ed. 1165, 1169; Carroll v. Greenwich Ins. Co. 199 U. S. 401, 409, 26 S. Ct. 66, 67, 50 L. ed. 246, 249; Hanover Fire Ins. Co. v. Harding, 272 U. S. 494, 47 S. Ct. 179, 71 L. ed. 372, 49 A. L. R. 713.

as the legislature may from time to time prescribe. [Citing cases.]" (Italics supplied.) State v. Hovorka, 100 Minn. 249, 252, 110 N. W. 870, 871, 8 L.R.A.(N.S.) 1272, 10 Ann. Cas. 398. Quoted with approval in Abeln v. City of Shakopee, 224 Minn. 262, 28 N. W. (2d) 642.

See, also, Minneapolis St. Ry. Co. v. City of Minneapolis, 229 Minn. 502, 40 N. W. (2d) 353, appeal dismissed, 339 U. S. 907, 70 S. Ct. 574, 94 L. ed. 1335; Lee v. Delmont, 228 Minn. 101, 36 N. W. (2d) 530.

■ Since the question of reasonableness, as well as constitutionality, is a question of law for the court, we will pass on the question of the validity of the ordinance. Evison v. C. St. P. M. & O. Ry. Co. 45 Minn. 370, 48 N. W. 6, 11 L. R. A. 434. Defendant does not question the authority of the city council to pass an ordinance which requires a permit for the installation of heating equipment;[9] nor does he question the requirement that he submit plans. He does contend that it is unreasonable and unconstitutional to require that—

"* * * All such plans * * * except for single family or two family dwellings or * * * wherein the space to be heated, * * * does not exceed 100,000 cubic feet, shall be prepared and signed by a 'Registered Professional Engineer' duly qualified by registration as required by [state statute] and by no other person or persons." Minneapolis City Charter and Ordinances (Perm. ed.) 3:1-102.

Defendant's principal argument is that, since the ordinance is very complete in detailed mechanical requirements and specifications of installation and construction, it is unreasonable to further specify that a "Registered Professional Engineer" is the only person who can prepare and sign the plans. Defendant maintains that, if the plans meet all these standards, as determined by the city building inspector's office, nothing more can be accomplished by this additional requirement.

[9]See, however, State ex rel. Cary v. Municipal Court Officers, 166 Minn. 440, 208 N. W. 642.

What both appellant and respondent fail to mention is the state requirements in such matters. M. S. A. 326.02, subd. 1, reads:

"* * * It shall be unlawful for any person to practice, * * * professional engineering, * * * unless such person is qualified by registration * * *." (§ 326.53, subd. 1[1], makes violation a gross misdeameanor.)

Section 326.02, subd. 3, defines who shall be deemed to be practicing professional engineering:[10]

"Any person shall be deemed to be practicing professional engineering * * * who shall furnish any technical professional service, such as planning, design or supervision of construction for the purpose of assuring compliance with specifications and design, in connection with any public or private structures, * * * wherein the public welfare or the safeguarding of life, health, or property is concerned or involved, when such professional service requires the application of the principles of mathematics and the physical sciences, acquired by education or training."

Section 326.02, subd. 5, specifically excepts certain installations including one- and two-family dwellings and installations on nonpublic buildings where the total cost does not exceed $10,000.[11]

Then, since a heating installation certainly involves the safeguarding of life, health, and property, there is a statutory requirement that anyone who prepares plans for a heating installation, public or private, for the purpose of compliance with specifications, must be a "registered engineer" except in limited cases. Thus, it appears that the provision of the ordinance which is challenged here is merely declaratory of a statutory requirement, at least, insofar as it applies to installations costing more than $10,000. Since there is no contention or argument relative to the constitutionality

[10]The statute referred to specifically by the ordinance did not have any definition. L. 1921, c. 523, as amended by L. 1933, c. 404.

[11]The statute, referred to specifically by the ordinance, related to a cost of $7,500. L. 1921, c. 523, as amended by L. 1933, c. 404.

of the statute, we express no opinion on that question. Williams v. Mack, 202 Minn. 402, 278 N. W. 585.[12]

In cases where the ordinance applies but the statute does not, viz., an installation wherein the area involved exceeds 100,000 cubic feet but the cost does not exceed $10,000, the requirements of the ordinance are reasonable and constitutional.[13] The close conformity of the ordinance to the statutory requirement lends persuasion to this position. The inherent dangers in the operation of any heating plant make it necessary that the plans and design of such equipment be faultless. The city council may have felt that only a "registered engineer" could be relied upon to prepare such plans. While it does appear true that such plans are checked by the city building inspector, there is always the very real chance that a defect may go unnoticed. The number of plans that have to be checked each year in a city the size of Minneapolis must be considerable. The very checking process itself must be easier and faster when uniformity and accuracy can be more readily depended upon. The minimum qualifications necessary for "registration" would seem to indicate that work prepared by persons thus qualified would be more likely to possess these qualities. There is no delegation of authority to

[12]On licensing of engineers, compare Garman v. Myers, 183 Okl. 141, 80 P. (2d) 624; Board of Examiners v. Standard Eng. Co. 157 Tenn. 157, 7 S. W. (2d) 47; City of St. Louis v. Meyrose Lamp Mfg. Co. 139 Mo. 560, 41 S. W. 244, with Krebs v. Thompson, 387 Ill. 471, 56 N. E. (2d) 761. On licensing of occupations in Minnesota, see State v. Hovorka, 100 Minn. 249, 110 N. W. 870, 8 L.R.A.(N.S.) 1272, 10 Ann. Cas. 398 (pharmacists); State v. Graves, 166 Minn. 496, 207 N. W. 560, affirmed, 272 U. S. 425, 47 S. Ct. 122, 71 L. ed. 331 (dentists); State ex rel. Chapel v. Justus, 90 Minn. 474, 97 N. W. 124 (plumbers); State v. Zeno, 79 Minn. 80, 81 N. W. 748, 48 L. R. A. 88 (barbers); Hyvonen v. Hector Iron Co. 103 Minn. 331, 115 N. W. 167 (classification of engineers); Wright v. May, 127 Minn. 150, 149 N. W. 9, L. R. A. 1915B, 151 (auctioneers); State v. Broden, 181 Minn. 341, 232 N. W. 517 (medicine); Williams v. Mack, 202 Minn. 402, 278 N. W. 585 (optometrists); State ex rel. Remick v. Clousing, 205 Minn. 296, 285 N. W. 711, 123 A. L. R. 465 (plasterers).

[13]There is nothing in the record to indicate that defendant's installation would come within this category.

these engineers, as appellant contends. They are required merely to prepare the plans, not to pass on the conformity of the installation to the requirements of the ordinance.[14]

Many of appellant's arguments concern the advisability of such a provision and would more properly be directed to the city council. If the reasonableness be doubtful or debatable, it is not for the courts to render the provision invalid. The courts should declare an ordinance void only when its unreasonableness is so clear, manifest, and undoubted as to amount to a mere arbitrary exercise of legislative power. Evison v. C. St. P. M. & O. Ry. Co. 45 Minn. 370, 48 N. W. 6, 11 L. R. A. 434; State ex rel. Cook v. Bates, 101 Minn. 301, 112 N. W. 67; Gunderson v. Anderson, 190 Minn. 245, 251 N. W. 515; Lang v. C. N. W. Ry. Co. 208 Minn. 487, 295 N. W. 57; State v. Houston, 210 Minn. 379, 298 N. W. 358; State v. United Parking Stations, Inc. 235 Minn. 147, 50 N. W. (2d) 50; Village of Euclid v. Ambler Realty Co. 272 U. S. 365, 47 S. Ct. 114, 71 L. ed. 303, 54 A. L. R. 1016. The mere fact that another method might have been less burdensome does not render an ordinance invalid. Sverkerson v. City of Minneapolis, 204 Minn. 388, 283 N. W. 555, 120 A. L. R. 944; Hauge v. Chicago, 299 U. S. 387, 57 S. Ct. 241, 81 L. ed. 297.

■ Defendant further maintains that the provision making the requirement inapplicable to buildings having an area of 100,000 cubic feet or less establishes a classification which is arbitrary and fanciful. A classification in an ordinance need only rest on some basis which is reasonable, natural, and proper in relation to the danger sought to be controlled and which discloses the propriety of differentiation. State v. Dirnberger, 152 Minn. 44, 187 N. W. 972; State v. Pehrson, 205 Minn. 573, 287 N. W. 313, 123 A. L. R. 1045.

In this particular case, it may well be that the city council felt that the greater potential danger to public welfare and safety war-

---

[14]For collection of Minnesota cases on delegation of authority, see Dimke v. Finke, 209 Minn. 29, 37, 295 N. W. 75, 80; see, also, State ex rel. Graham v. McMahon, 65 Minn. 453, 68 N. W. 77; Portsmouth Stove & Range Co. v. Baltimore, 156 Md. 244, 144 A. 357.

ranted the closer regulation and examination of larger heating installations. The likelihood of complexity in larger installations might also warrant the requirement of more uniform and reliable plans. On the other hand the council may have felt that the potential danger and complexity would probably be less in smaller heating plants, and, when balanced against the practical limitations of availability of such professional men, did not warrant the difficulty and expense involved in similar requirements for these smaller installations. That such a basis is reasonable, natural, and proper is too obvious to require further elaboration. See, State ex rel. Remick v. Clousing, 205 Minn. 296, 285 N. W. 711; State v. Morrow, 175 Minn. 386, 221 N. W. 423; Clark v. Paul Gray, Inc. 306 U. S. 583, 59 S. Ct. 744, 83 L. ed. 1001.

The assignment of error relative to the minimum heating capacity is not argued and, therefore, deemed abandoned. Wilson v. Moline, 234 Minn. 174, 47 N. W. (2d) 865; Kiebach v. Kiebach, 227 Minn. 328, 35 N. W. (2d) 530.

Judgment affirmed.