CITY OF JORDAN v. HENRY NICOLIN.[1]

November 15, 1901.

Nos. 12,781—(72).

84   367
f84   370

## Municipal Ordinance—Validity.

The defendant was convicted of the offense of keeping his saloon open after eleven o'clock at night, contrary to the ordinance of the city. *Held*:

1. Acts which are punishable under the general laws of the state may also be punished by municipal ordinance, and the latter is valid though the punishment prescribed in each be not the same.

[1] Reported in 87 N. W. 916.

2. The ordinance here in question is valid, and the complaint for its violation does not charge two offenses.

Appeal by defendant from a judgment of the district court for Scott county, Cadwell, J., affirming a judgment of a justice of the peace before whom defendant was convicted of the offense of keeping open his saloon in violation of an ordinance of plaintiff city. Affirmed.

*F. C. Irwin,* for appellant.

*F. J. Leonard,* for respondent.

START, C. J.

The defendant was convicted in justice court of the offense of keeping his saloon open after eleven o'clock at night, contrary to the ordinance of the city of Jordan. He appealed from the judgment of the district court of the county of Scott upon questions of law alone. Judgment was entered in the district court affirming the judgment of the justice court, and the defendant appealed therefrom to this court.

The assignments of error raised the question of the validity of the ordinance by virtue of which the defendant was convicted. The city council of the city of Jordan has full power to impose penalties and punishment and enforce the same against any person who may violate any ordinance enacted by it, and such ordinances are declared to have the force of law, provided they be not repugnant to the laws of the United States or of this state; also by ordinance to license and regulate all persons dealing in intoxicating liquors. Sp. Laws 1891, c. 4, subc. 4, §§ 4, 5.

So much of the ordinance in question as is here material is to the effect that any person licensed to deal in intoxicating liquors shall keep his saloon closed from eleven o'clock at night of each day until five o'clock the next morning, and no intoxicating liquors shall be sold in the saloon during the time it is required to be kept closed, and, further, that any person violating any of the provisions of the ordinance shall pay a fine of not less than ten dollars nor more than one hundred dollars, and costs, and in default of such payment be committed to the county jail until payment is made, not exceeding ninety days.

The complaint upon which the defendant was convicted charged that he was duly licensed to sell intoxicating liquors, and kept his saloon open, and not closed, between the hours of eleven o'clock of the night of a day named and five o'clock the next morning, contrary to the ordinance, and "against the form of the statute in such case made and provided, and against the peace and dignity of the state of Minnesota." The defendant here urges that this ordinance is void because it is in conflict with the general laws of the state relating to the sale of intoxicating liquors, in that the punishment prescribed for a violation of the ordinance may be a fine of one hundred dollars, the payment of which may be enforced by imprisonment in the county jail, while the punishment ordained by the statute cannot exceed a fine of fifty dollars, without imprisonment for its enforcement. G. S. 1894, §§ 2012, 2013.

The claim that the fine imposed by the statute cannot be enforced by imprisonment is without foundation, for, in all cases of the imposition of a fine pursuant to a statute as punishment for any offense, payment of the fine may be enforced by imprisonment in the county jail. Section 5960; State v. Peterson, 38 Minn. 143, 36 N. W. 443. The fact that the maximum fine which may be imposed for a violation of the ordinance is greater than can be imposed for a violation of the statute does not render the ordinance repugnant to the statute, for acts which are punishable under the general laws of the state may also be punished by municipal ordinance, and the latter is valid though the punishment prescribed in each be not the same. State v. Ludwig, 21 Minn. 202; State v. Harris, 50 Minn. 128, 52 N. W. 387, 531.

It is further claimed by the defendant that the complaint states two offenses, if any. The only basis for this claim is that the complaint concludes contrary to the statute, as well as against the ordinance. The objection is not well taken, for the complaint shows upon its face that the defendant is charged with a violation of the ordinance only. The defendant's other assignments of error have been considered, and found to be so obviously without merit that it is unnecessary specially to refer to them.

Judgment affirmed.