STATE v. VAL MARCINIAK.[1]

February 23, 1906.

Nos. 14,652—(221).

**Violation of Ordinance.**

The defendant was convicted in the municipal court of the city of Minneapolis of a violation of an ordinance of the city requiring saloons to be kept closed on Sunday.  *Held*, that the complaint stated facts sufficient to constitute an offense under the ordinance, and did not charge the defendant with a violation of any criminal statute of the state.

**Conflict Between Ordinance and Statute.**

The ordinance is authorized by the city charter, and is not void for the reason that in fixing the penalty for its violation the charter provisions were not followed.  The statute (G. S. 1894, § 1999) requiring saloons to be kept closed on the Sabbath day did not revoke the authority given by the charter to pass the ordinance.  Nor is it repugnant to the statute for the reason that it imposes a different penalty for its violation than the one prescribed by the statute for its violation.  The ordinance is valid.

**Jurisdiction of Municipal Court.**

The municipal court of the city of Minneapolis has jurisdiction to hear and determine all criminal cases arising in or triable within the city where the punishment cannot exceed a fine of $100 or ninety days' imprisonment.

**Trial by Jury.**

The provisions of the municipal court act, which confer jurisdiction upon such court to hear and dispose of in a summary way, without a jury trial, all cases brought before it for the violation of the ordinances of the

[1]Reported in 105 N. W. 965.

city, do not violate the constitution of this state, nor the ordinance of the Northwest territory, nor the constitution of the United States. The defendant was not entitled to a jury trial in this case.

Appeal by defendant from a judgment of the municipal court of Minneapolis, Waite, J., whereby he was convicted of the offense of keeping open his saloon on Sunday. Affirmed.

*A. B. Jackson* and *Ernest S. Carey,* for appellant.

*Frank Healy* and *A. C. Finney,* for the state.

START, C. J.

On August 26, 1905, the defendant, by a complaint in writing made in the municipal court of the city of Minneapolis, was charged with having unlawfully kept his saloon open on Sunday, contrary to the ordinance of the city in such case made and provided, and "against the peace and dignity of the state of Minnesota." Upon being arraigned, he moved the court to dismiss the action on the ground that the court had no jurisdiction of the case; that the provisions of the municipal court act, and of the ordinance, so far as relevant to this case, were unconstitutional, and, further, that the complaint did not state facts sufficient to charge the commission of an offense cognizable by the municipal court. The motion was denied, the defendant excepted to the ruling, and entered a plea of not guilty. He demanded a trial by jury, which was also denied, and he excepted. The cause was tried by the court without a jury, the defendant found guilty and adjudged to pay a fine of $25, and in default thereof be imprisoned in the workhouse of the city until the fine is paid, not exceeding the term of thirty days. He appealed from the judgment.

The here material provisions of the ordinance, which was approved April 6, 1899, are as follows:

> That every saloon and the bar of every tavern, inn, and other place where liquors are sold by the glass or drink shall be closed and kept closed during the whole of every Sunday, and of every day of a general state or city election, and during the time of any riot or disturbance; and no persons shall sell any spirituous, vinous, fermented or malt liquors or beverages within the limits of said city on any Sunday, or on any day of a general state or

city election before the closing of the polls, nor at any time sell or give away any such liquors or beverages to any minor or habitual drunkard.

A violation of the ordinance is punishable by fine not less than $25 nor more than $100, or by imprisonment not less than thirty days, nor more than ninety days. Minneapolis Charter and Ordinances, p. 683, §§ 9, 13.

1. The complaint states facts sufficient to constitute an offense under this ordinance, and does not charge the defendant with a violation of any criminal statute of the state. The concluding words of the complaint, "against the peace and dignity of the state of Minnesota," are surplusage, for it is only indictments that must so conclude. Const. art. 6, § 14.

2. Logically the first question to be considered is the validity of this ordinance, assuming for the present that it does not violate any of the provisions of the state or federal constitution. The defendant urges two general objections to the ordinance:

First. That the city council was not authorized by the city charter to pass any ordinance of the character of this one; but, were it otherwise, the ordinance is void because in fixing the penalty for its violation the charter provisions were not followed.

Second. The statute (G. S. 1894, § 1999 [Laws 1887, p. 129, c. 81, § 1]) revoked the authority to pass the ordinance given prior thereto by the charter, if any was given, and, further, that the ordinance is repugnant to the statute because it imposes a different penalty for its violation than the one prescribed by the statute for a violation of the statute.

All of these objections, except, possibly, one, have been determined adversely to the defendant by the decisions of this court. State v. Ludwig, 21 Minn. 202; State v. Harris, 50 Minn. 128, 52 N. W. 387, 531; State v. Lindquist, 77 Minn. 540, 80 N. W. 701; City of Jordan v. Nicolin, 84 Minn. 367, 87 N. W. 915. We adhere to these decisions.

The possible exception to which we refer is the objection of the defendant to the effect that the ordinance is invalid because it imposes a penalty not authorized by the charter. The charter of the city authorizes the council to impose punishments for the violation of the ordinances of the city

> To the extent of a fine not exceeding one hundred dollars, and
> imprisonment in the city prison or county jail not exceeding nine-
> ty days or both.    Minneapolis Charter and Ordinances, p. 50, § 6.

The penalty for a violation of the ordinance here in question is a
fine not less than $25 nor more than $100, or by imprisonment not less
than thirty days nor more than ninety days.    It is just as certain that
the penalty imposed by the ordinance is within "the extent" or limit im-
posed by the charter as it is that the greater includes the less.    The
charter simply fixes a limit beyond which the city council may not go in
imposing penalties, but "to the extent" of the limit it is expressly au-
thorized to go.    The objection is without merit.    The ordinance is
valid.

3. The next contention of the defendant to be considered is that
municipal court act (Sp. Laws 1874, p. 362, c. 141) § 1, has conferred
no jurisdiction upon the municipal court to hear and determine this
case.    The here material part of the section is in these words:

> It shall also have exclusive jurisdiction to hear all complaints
> and conduct all examinations and trials in criminal cases, arising
> or triable within the city of Minneapolis, heretofore cognizable
> before a justice of the peace.

The argument in support of the claim that the municipal court had no
jurisdiction of this case is to the effect that there was no such offense as
keeping a saloon open on Sunday prior to the enactment of this section;
therefore it was not cognizable before a justice of the peace.    This is
too narrow a construction of the grant of jurisdiction, and one which,
if accepted, would result in most serious consequences to the city of
Minneapolis.    If the defendant's construction be accepted, then every
existing ordinance of the city passed since 1874 and every one which
hereafter may be passed for the purpose of conserving the peace and
good order of the city will be shorn of their virility and they may be
violated with impunity, for the municipal court is the only tribunal in
which it is practicable to enforce their penalties.    Clearly such is neither
the reasonable nor the permissible construction of the grant of power to
the municipal court.    The words "heretofore cognizable before a jus-
tice of the peace" manifestly refer not to particular offenses, but to a

class of criminal cases theretofore cognizable before a justice of the peace. All criminal cases where the punishment is limited to a fine of $100 or three months' imprisonment have been cognizable before a justice of the peace ever since the state had an existence. Const. art. 6, § 8; G. S. 1866, c. 65, § 131. We therefore hold that the municipal court of the city of Minneapolis had jurisdiction to hear and determine all criminal cases arising or triable within the city where the punishment in case of conviction cannot exceed a fine of $100 or three months' imprisonment.

4. The defendant assigns and urges a group of alleged errors to the effect that so much of Sp. Laws 1889, p. 601, c. 34, § 7 (amended municipal court act), as assumes to confer jurisdiction upon the judge of the municipal court to hear and dispose of, in a summary manner, all cases which may be brought before him for violations of the criminal laws of this state within the county of Hennepin or of the ordinances of the city, is unconstitutional, in that it violates the several provisions of the constitution of the state of Minnesota specifically set forth in his assignment of errors, particularly article 1, § 6, and the provisions of the constitution of the United States also specifically set forth in his assignment of errors, particularly section 1 of the fourteenth amendment to the constitution of the United States; and, further, that the trial court erred in denying his demand for a jury trial in violation of the provisions of the constitution of the state and United States, respectively. This group of alleged errors rests upon the claim that the defendant was entitled to be tried for the offense charged against him by a jury, that this was his constitutional right, and that the denial of the right deprived him of his property or liberty without due process of law.

The question is not whether a party who is charged in the municipal court with a violation of the statute of the state (G. S. 1894, § 1999) requiring saloons to be kept closed on the Sabbath day has the constitutional right to a trial by jury. See State v. West, 42 Minn. 147, 151, 43 N. W. 845. The question is whether a party who is charged with a violation of an ordinance of a city requiring every saloon in the city to be kept closed on Sunday has such constitutional right. This question has been repeatedly and decisively answered in the negative by the decisions of this court. City of Mankato v. Arnold, 36 Minn. 62, 30

N. W. 305; State v. West, supra; State v. Harris, 50 Minn. 128, 52 N. W. 387, 531; State v. Grimes, 83 Minn. 460, 86 N. W. 449.

It is true that there is a real or apparent discrepancy in these cases as to the basis upon which the decision was rested, but there is none whatever in the conclusion reached, for all agree that a party charged with the violation of the police ordinances of a municipality of the state is not entitled to a trial by jury as a constitutional right. Counsel for the defendant in an able and exhaustive brief and argument urge us to reexamine the decisions we have cited and the reasoning on which they are based. We have done so and reached the conclusion that they should be adhered to, for as was said in the case of State v. Manford, supra, page 177: "While not yielding blind obedience to the past, we recognize the obligation to respect the former decisions of the court, and to adhere to them, unless they are clearly and manifestly erroneous or no longer adapted to changed conditions of society."

We hold that the defendant was not entitled to a trial by jury in this case, and, further, that the provisions of the municipal court act do not violate the constitution of this state nor the constitution of the United States, nor the ordinance establishing the Northwest territory. Certainly articles 4, 5, and 6 of the constitution of the United States are not here relevant, for the first ten articles of amendment to that instrument were not intended to limit the powers of state governments in respect to their own people, but to operate on the federal government alone. Spies v. Illinois, 123 U. S. 131, 8 Sup. Ct. 21, 22. The fourteenth amendment to the constitution of the United States does not guaranty the right to a trial by jury in a state court if the laws of the state deny the right to all alike in the particular case. Missouri v. Lewis, 101 U. S. 22, 31.

Counsel assign as error the rulings of the trial court in the admission of evidence, but do not discuss them in their brief or indicate any reason why they constitute reversible error. This amounts to a waiver of the assignments, and we have not considered them.

The last claim urged is that the evidence was not sufficient to sustain the conviction. We are of the opinion that it was.

Judgment affirmed.