STATE v. JOHN COLLINS and Another.[1]

April 30, 1909.

Nos. 16,219—(22).

**Sale of Liquor on Sunday.**

It is unnecessary, in a criminal complaint charging a sale of intoxicating liquor on Sunday, to allege whether the person accused was or was not a licensed liquor dealer; for a sale by any person is a violation of the law.

**Municipal Court of Minneapolis—Power to Jail.**

The municipal court of the city of Minneapolis has, under the ordinances of that city regulating the sale of intoxicating liquor, authority to impose imprisonment as a punishment for an unlawful sale of such liquor, without giving defendant an option to discharge his violation of the law by the payment of a fine.

**Ordinances Valid.**

The ordinances so providing are not void as invading the constitutional rights of the accused.

**Same—Case Followed.**

State v. Marciniak, 97 Minn. 355, holding that the ordinances in question are not void because in conflict with the general statutes on the same subject-matter, followed and applied.

**Constitution—Municipal Charter.**

The provisions of section 36, art. 4, of the state constitution, to the effect that no charter thereby authorized to be formed, or ordinances en-

----

[1] Reported in 120 N. W. 1081.

acted thereunder, shall supersede any general law defining or punishing crimes or misdemeanors, apply only to cities having home rule charters.

**Variance.**

Certain variances between the allegations of the complaint and the proof *held* immaterial.

Defendants were convicted in the municipal court of Minneapolis of the offense of selling intoxicating liquor on Sunday. From the judgment of conviction, Waite, J., defendant John Collins appealed. Affirmed.

*John H. Steele* and *H. S. McGinley,* for appellant.

*Frank Healy,* City Attorney, and *John A. Dahl,* Assistant City Attorney, for the State.

**BROWN, J.**

Defendant Collins was convicted in the municipal court of Minneapolis of selling intoxicating liquors on Sunday, in violation of the ordinances of the city, was sentenced to confinement in the city workhouse for forty days, and appealed from the judgment rendered against him. Several questions are raised and discussed by counsel for appellant, nearly all of which are controlled by previous decisions of the court, and therefore require no extended mention.

1. The complaint filed in the municipal court charged defendant and one Oscar Anderson with having, at the city of Minneapolis, in the place of business conducted by defendant Collins, on January 10, 1909, Sunday, sold a bottle of beer to A. B. Gates, contrary to the provisions of the ordinances of the city, and against the peace and dignity of the state. It is insisted by defendant that the complaint is insufficient, for the reason that it does not allege whether defendants were licensed saloon keepers at the time. The objection is not sound. It is immaterial whether they were licensed saloon keepers. The ordinance alleged to have been violated prohibits the sale of intoxicating liquors on Sunday by any one, and if the defendant Collins made the sale complained of he violated the law, whether he was in the saloon business or in some other business. The case of City of Jordan v. Nicolin, 84 Minn. 370, 371, 87 N. W. 916, is not in point. In that case the defendant, a licensed saloon keeper, was prosecuted for violating the provisions of the law regulating the conduct of his business, and to bring him within

the law it was necessary to show that he was in fact a licensed dealer. Such is not this case.

2. It is also urged that there was a fatal variance between the allegations of the complaint and the proof, in that the complaint alleged the sale to have been made to one A. B. Gates, and the evidence showed it to have been made to Dr. F. A. Wright. If there was a variance in this respect, it is immaterial. It fully appears from the evidence that Gates, Dr. Wright, and Dr. Winters were informed by the Civic Federation of Minneapolis that defendant Collins was in the habit of entertaining Sunday customers and providing them with intoxicating liquors and they joined in an effort to ascertain the fact and obtain evidence against him, if true. They met at defendant's place of business, entered a room on the second floor, called a waiter, and ordered of him some refreshments, including whiskey and beer. Their order was filled, and the bill paid by Dr. Wright; but the beer, for the sale of which complaint is made, was ordered by Gates. Just which one of these parties, under the circumstances stated, paid the bill, is unimportant. The court would have been justified in finding a sale to either; for they were engaged in a joint undertaking, and were each principals in the purchase.

State v. Quinlan, 40 Minn. 55, 41 N. W. 299, is not in point. In that case the variance held fatal by the court was in the names of the persons charged with the violation of the statute. There the charge was made against Christ Snyder and William Bungord, while the proof showed the sale to have been made by Fred Vongard and Gotlieb Beisswinger. The court held the variance between William Bungord and Fred Vongard fatal, but that, as Beisswinger was sometimes known as Christ Snyder, the variance was immaterial.

3. The charge made in the complaint is that defendants John Collins and Oscar Anderson made the sale. The evidence is that Collins was conducting the business at the place of the transaction, and that Anderson was employed as a waiter or clerk, and filled the order given by Gates, Wright, and Winters. There appears a variance in the name of the waiter. The evidence showed that Oscar Lundgren performed that service, and not Anderson, but of this Collins cannot complain. State v. Quinlan, 40 Minn. 55, 41 N. W. 299.

4. It is further contended that the ordinance under which the conviction was had is void, because in violation of the constitution of the

state, in that it permits the municipal court to impose a sentence of imprisonment, without the option of paying a fine, and does not provide for a jury trial. We have no constitutional provision granting to offenders the right to liquidate or discharge their violations of law by a fine, instead of imprisonment, or which extends to them any option whatever respecting the method of punishment. The ordinance, therefore, in providing for either fine or imprisonment, is not a violation of any of defendant's constitutional rights. Nor was defendant entitled to a trial by jury. City of Mankato v. Arnold, 36 Minn. 62, 30 N. W. 305; State v. West, 42 Minn. 147, 43 N. W. 845; State v. Harris, 50 Minn. 128, 52 N. W. 387, 531.

5. The point that the ordinance is void, because in conflict with the general statutes on the same subject, is disposed of by State v. Marciniak, 97 Minn. 355, 105 N. W. 965. The provisions of section 36, article 4, of the state constitution, to the effect that no charter or ordinance enacted thereunder shall supersede any general law defining or punishing crimes or misdemeanors, apply only to cities having home rule charters, of which class Minneapolis is not a member.

6. This covers all the questions requiring special mention. Though the punishment imposed upon defendant, forty days in the workhouse, may seem severe to him, it was within the authority of the court below to so adjudge, of which authority we have no revisory power. The evidence sustains the conclusion of the court that defendant Collins was cognizant of and authorized this particular sale by his clerk or waiter, and the judgment appealed from must be affirmed.