## CHARLES A. BERNICK v. CITY OF LITTLE FALLS AND OTHERS.[1]

March 2, 1934.

No. 29,792.

*E. A. Kling,* for appellants.
*A. Gordon Rosenmeier,* for respondent.

*DIBELL, Justice.*

Action by the plaintiff to restrain the defendant city of Little Falls and its officers from enforcing as to him an ordinance of the

[1]Reported in 253 N. W. 369.

city regulating the sale of nonintoxicating liquor, and requiring vendors to obtain a license. The defendants appeal from an order overruling their demurrer to the complaint.

The plaintiff is a wholesaler of soft drinks and of nonintoxicating malt beverages of not more than one-half of one per cent by volume and not more than three and two-tenths per cent alcoholic content by weight. His plant is at St. Cloud, where he is duly licensed to conduct his business. He employs an agent who solicits orders for his beverages in Little Falls. These orders, if approved by plaintiff, are filled from the St. Cloud plant, and the beverages are shipped in "original packages" to the purchasers at Little Falls. On April 3, 1933, defendant city adopted an ordinance in an attempt to license vendors of nonintoxicating malt liquors of the character manufactured by plaintiff. It is this ordinance, as defendants are attempting to apply it to plaintiff, that is here under attack.

■ The authority to issue licenses for the sale of nonintoxicating liquor and to regulate the sale is conferred upon cities and certain other municipalities by L. 1933, c. 116. That the regulation of the sale and the requirement of licenses is within the police power of the state and properly delegated to its cities is not to be questioned. There are apparent evils in connection with the traffic and its possible association with the sale of intoxicants to make regulation and licensing appropriate.

■ It is the contention of the city that sales within its limits are unlawful unless authorized by statute. We think the contrary is true. Sales of such nonintoxicating liquors are lawful except as an ordinance enacted under c. 116 makes them unlawful unless the seller is licensed. If the act does not authorize the city to require a license from this plaintiff, the ordinance to that effect is without force.

L. 1933, c. 116, § 1, provides:

"There is hereby conferred upon the governing body of each county, city, village and borough in the state, the authority to license and regulate the business of vendors at retail and/or wholesale of nonintoxicating malt liquors within their respective jurisdictions,

to impose a license fee therefor, and to provide for the punishment of any violation of any such regulations according to the provisions of law."

By L. 1933, c. 115, repealed by L. 1933, Ex. Sess. c. 46, intoxicating liquor is defined as "any liquid potable as a beverage containing more than 3.2% alcohol by weight."

Laws 1933, c. 116, § 6, provides:

"Nothing herein contained shall apply to nonintoxicating malt liquor containing less than one-half of one per cent of alcohol by volume."

We then have by statutory definition nonintoxicating malt liquor containing less than one-half of one per cent of alcohol by volume and not more than three and two-tenths per cent by weight. The definition of nonintoxicating malt liquor is in harmony with the definition of intoxicating liquor by L. 1933, Ex. Sess. c. 46.

L. 1933, c. 116, § 2(a), provides for "on sale" licenses. "On sale" licenses are authorized "only to drug stores, restaurants, and hotels and bona fide clubs."

Section 2(b) provides that " 'off sale' licenses shall permit the licensee to sell nonintoxicating malt liquors in original packages for consumption off the premises only."

Section 2(c) provides:

"A manufacturer of nonintoxicating malt liquor may, without license, sell such liquor to licensed dealers holding either 'on sale' or 'off sale' licenses, and may sell and deliver the same in quantities of not less than two gallons, direct to consumers at their homes."

The proper construction of the requirement of licenses by wholesalers selling to the retail trade or selling to ultimate consumers in original packages of not less than two gallons presents some difficulty.

Section 1 refers to licensing by the governing body of municipalities and confers upon them "authority to license and regulate the business of vendors at retail and/or wholesale of nonintoxicating malt liquors within their respective jurisdictions" and "to provide

for the punishment of any violation of any such regulations according to the provisions of law." The words "within their respective jurisdictions" may properly be understood as referring to the jurisdiction over the location of the wholesaler's place of business; and this construction we give. It would impose a drastic burden upon wholesalers if they were required to have a license in every municipality having authority to license—a harsher provision than wholesalers are subjected to under L. 1933, Ex. Sess. c. 46, dealing with liquors which are intoxicating. Upon this point we hold that a wholesaler is required to have a license only in the jurisdiction where his place of business is. We note in this connection that we are not concerned with a question of a wholesaler selling in dry territory. Concededly Little Falls is not such territory.

■ According to his complaint, plaintiff's business is confined to retailers, and he does not sell direct to consumers; therefore his right to do so is not here presented.

*PER CURIAM.*

For the reasons given in the foregoing opinion, prepared by the late Justice Dibell, and in harmony with the views of the court, the order appealed from is affirmed.