STATE v. C. G. IVES.[1]

April 18, 1941.

No. 32,763.

*Neil Hughes* and *John Ott,* for appellant.

*R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

JULIUS J. OLSON, JUSTICE.

Defendant was convicted of violating an ordinance "prohibiting the sale of nonintoxicating malt liquor without a license," usually referred to as the 3.2 beer ordinance, and sentenced to a workhouse term as fixed by the ordinance. His motion for new trial being denied, he appeals from both the order and judgment.

As a basis for reversal defendant claims that the penalty clause in the ordinance goes beyond the authority granted to the

[1]Reported in 297 N. W. 563.

city council by the Minneapolis home rule charter (c. IV, § 6), which provides:

"The City Council may impose punishment for the breach of any ordinance of the city to the extent of a fine not exceeding one hundred dollars, and imprisonment in the city prison or county jail not exceeding ninety days, or both."

The penalty provision of the present ordinance reads:

"Every person who shall violate the provisions of this ordinance prohibiting the sale of nonintoxicating malt liquor without a license shall upon conviction thereof be punished by imprisonment in the City Workhouse for ninety (90) days."

Defendant also attacks the ordinance upon the theory that the punishment provided for in effect deprives the judiciary of discretionary power to fix reasonable limits within which punishment may be imposed. Therefore, he contends, the present ordinance must fail unless it be construed and interpreted to read: "A fine not exceeding $100, *or* imprisonment not exceeding 90 days."

We think defendant's objections are unavailing. When the change in the old order in respect to defining intoxicating liquor was made to conform to national legislation bringing about such change, our legislature (L. 1933, c. 116, § 1, 3 Mason Minn. St. 1940 Supp. § 3200-5) conferred "upon the governing body of each * * * city, * * * in the state, the authority to license and regulate the business of vendors at retail and/or wholesale of nonintoxicating malt liquors within their respective jurisdictions, to impose a license fee therefor, and to provide for the punishment of any violation of any such regulations according to the provisions of law."

■ In Bernick v. City of Little Falls, 191 Minn. 128, 253 N. W. 369, we held that the sale of such malt liquor is subject to legislative regulation under the police power of the state, and that the quoted enactment delegated to municipalities throughout the state

the power to license and regulate such sales. This broad grant clearly gave the council authority to act in the premises.

■ As to the measure of punishment to be imposed under the general authority granted by the legislature, we think our prior decisions are determinative against defendant's contentions. Thus, in State v. Moilen, 140 Minn. 112, 115, 117, 167 N. W. 345, 346, 1 A. L. R. 331, we said that it was within the "exclusive province of the legislature to declare what acts, deemed by the lawmakers inimical to the public welfare, shall constitute a crime, to prohibit the same and impose appropriate penalties for a violation thereof." The only judicial consideration in passing upon such enactments is limited to an inquiry of whether the constitutional rights of the citizen have been violated or invaded. As said in the Moilen case (140 Minn. 117, 167 N. W. 347, 1 A. L. R. 331):

*"The legislature may prescribe definite terms of imprisonment,* a specified amount as a fine, or fix the maximum and minimum limits of either, *which the courts are bound to respect and follow.* In fact the court has jurisdiction to interfere with legislation upon this subject only when there has been a clear departure from the fundamental law and the spirit and purpose thereof and a punishment imposed which is manifestly in excess of constitutional limitations." (Italics supplied.)

Our cases are found in 1 Dunnell, Minn. Dig. (2 ed. & 1937 Supp.) § 1661, under note 2.

Order and judgment affirmed.