## STATE v. AL HOPE.[1]

April 24, 1942.

No. 33,103.

*Buckley & Tupper,* for appellant.

*R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

PER CURIAM.

Defendant was convicted of selling intoxicating liquor without a license in violation of the Minneapolis intoxicating liquor ordinance, which provides among other things that "every person who

[1]Reported in 3 N. W. (2d) 499.

shall violate" any of its provisions "shall upon conviction thereof be punished by imprisonment in the City Workhouse for ninety (90) days."

Defendant makes two claims, first, that the evidence is insufficient to sustain conviction, and, second, that the court erred in refusing to grant him a jury trial.

1. As to the first, the record is clear that the finding of guilt is well sustained. There is no error in this regard. His discussion of this phase in his brief leads to the conviction that he does not now place much reliance upon this claim.

2. In respect to the right to a jury trial, it is sufficient to refer to some of our recent cases, such as State v. Jamieson, 211 Minn. 262, 300 N. W. 809; State v. Ives, 210 Minn. 141, 297 N. W. 563; and State ex rel. Connolly v. Parks, 199 Minn. 622, 273 N. W. 233.

3. There is no question about the authority of the city council to adopt the ordinance. It was for that body to declare what acts it deemed "inimical to the public welfare" and to "prescribe definite terms" of punishment for violations thereof. Such legislation "the courts are bound to respect and follow." Only "when there has been a clear departure from the fundamental law" may the courts interfere. State v. Moilen, 140 Minn. 112, 115, 117, 167 N. W. 345, 346, 347, 1 A. L. R. 331; State v. Ives, 210 Minn. 141, 143, 297 N. W. 563, 564.

This is but another case where counsel should know that "where only fact issues are involved" nothing is to be gained by an appeal to this court. Walsh v. Dahl, 195 Minn. 36, 37, 261 N. W. 476. The spirit of controversy should not be permitted to override sound and informed judgment.

Affirmed.