BECKER COUNTY NATIONAL BANK v. MARY MILLER AND ANOTHER.[1]

June 4, 1943.

No. 33,475.

*Levine & Levine,* for appellants.
*Lowell W. Benshoof,* for respondent.

JULIUS J. OLSON, JUSTICE.

Action for money had and received. In a charge free from criticism the court submitted the fact issues to a jury. The result was a verdict for plaintiff. Defendants made the usual alternative motion for judgment or a new trial and appeal from the order denying their motion.

The jury could find these facts: Defendants are husband and wife. For a time they had operated what is known as the Shell Cafe at Detroit Lakes. The cafe was conducted in a building also

[1]Reported in 9 N. W. (2d) 923.

housing an oil station, the locations of the two enterprises being separated only by a partition. When defendants took over the cafe one Olson was operating the oil station. In the early spring of 1942 an arrangement was made whereby defendants were to take over the oil station and operate it in connection with the cafe. Lacking the needed cash with which to finance the deal, they sought the help of one Swenson to the extent of $400. He informed them that he did not have this much money available but that he would confer with plaintiff's cashier and see what could be done about it. Swenson made the necessary arrangement at the bank and signed a note, which he took to the Millers for their signatures. Mr. Miller promptly signed, but Mrs. Miller did not, having gone to Minneapolis. Swenson, however, had been credited with the loan, so he drew his check payable to Mr. Miller, who used it to pay the purchase money to Olson. Shortly thereafter a fire occurred. Because of Mrs. Miller's refusal to go through with the original agreement, plaintiff brought the present action upon the theory that its money was directly traceable to defendants and that their failure to complete the deal by both of them signing the note rendered them answerable as for money had and received. The court submitted to the jury the question of whether the Millers were engaged in a copartnership or joint enterprise, and as to whether they employed and empowered Swenson to obtain the money for them from the bank upon the basis mentioned. The jury were told that if Swenson merely made a personal loan to Miller and if his wife was not a party to the transaction, *i. e.*, if the transaction was merely between Swenson, Miller, and the bank, "then, of course, plaintiff cannot recover against Mrs. Miller in this action. If, on the other hand, Mr. and Mrs. Miller did ask Mr. Swenson to obtain the money for them by signing their note and if they did in fact obtain the money and then failed or refused to act accordingly by the failure of one or the other to sign the note, then in equity and good conscience the money ought to be paid over to plaintiff. The law does not permit unconscionable enrichment of a party who gets money from another on a promise later repudiated."

The problem presented was purely one of fact. That defendants received the benefit of the bank's money is clear. It passed directly from Mr. Miller to pay for the oil station equipment purchased by him and his wife. That this money has not been repaid is likewise clear. In fact it is a case where it would be impossible to sustain a verdict if one had been rendered for both defendants, for, as to Mr. Miller, there is not the slightest question of liability. The only fact question related to Mrs. Miller's connection with the deal. As we read the record, that has been answered by the jury upon adequate evidence.

By applying the oft repeated rule, that "this court is bound by the jury's findings on fact issues where the evidence permits a finding either way," an affirmance necessarily follows. Walsh v. Dahl, 195 Minn. 36, 261 N. W. 476. Appropriate, too, on this appeal, as it was in the case cited, is the last paragraph thereof:

"Why counsel persist in appealing cases where only fact issues are involved is an unsolved mystery. The spirit of controversy seems to be an ever-present obsession. The present appeal furnishes abundant proof of just such mental ailment."

*Cf.* State v. Hope, 212 Minn. 319, 320, 3 N. W. (2d) 499.

Affirmed.