## STATE v. GERALD WEEKS.[1]

December 31, 1943.

No. 33,467.

[1]Reported in 12 N. W. (2d) 493.

*Jay W. Smith* and *T. M. Thomson,* for appellant.

*R. S. Wiggin,* City Attorney, *Joseph A. Hadley* and *Milton Gershin,* Assistant City Attorneys, for the State.

MAGNEY, JUSTICE.

Defendant was convicted of the offense of driving an automobile upon the public streets of the city of Minneapolis while under the influence of intoxicating liquor in violation of § 2 (F) of the Minneapolis traffic ordinance. He was sentenced to 30 days' imprisonment in the workhouse and appeals from the order denying his motion for a new trial.

■ Defendant urges that the evidence is insufficient to sustain the conviction. A brief recital of the facts will be made.

On the evening in question the defendant came off Laurel avenue in the city of Minneapolis and turned north on Lyndale avenue. He made a wide turn and about 30 feet north of the intersection struck and damaged a car which was proceeding southerly on its own right-hand side of the avenue. Both cars came to a stop. The driver of the car which was struck testified that defendant had been drinking. Another driver who was present at the time of the accident said he smelled liquor on defendant's breath, but had formed no opinion as to whether or not defendant was under the influence of intoxicating liquor. Two police officers who came to the scene of the accident and who later took defendant to the station stated that there was a strong odor of alcohol on his breath, that he staggered while walking, that his speech was rambling, and that in their opinion he was intoxicated. In the front seat of his automobile a pint bottle of liquor was found, one-third empty. At the trial, defendant admitted he had had four drinks of liquor that evening. The evidence clearly supports the conviction.

■ Defendant questions the validity of the ordinance under which he was convicted. He claims it provides for a greater penalty than that of the state law. The part of the ordinance (§ 2[G]) which he questions reads:

"Every person who is convicted of a violation of any of the pro-

visions of Paragraph F of this section shall be punished by imprisonment in the City Workhouse for not less than 10 days nor more than 90 days. On a second or subsequent conviction he shall be punished by imprisonment for not less than 30 days nor more than 90 days."

The penalty provision of the state law covering the same offense (Minn. St. 1941, § 169.12 [Mason St. 1940 Supp. § 2720-176]) is:

"Every person who is convicted of a violation of this section shall be punished by imprisonment for not less than ten, nor more than 90, days or by a fine of not less than $10.00, nor more than $100.00."

Under the state law, therefore, a court has the option of imposing a jail sentence or a fine. Under the ordinance there is no option.

The maximum punishment by imprisonment in either case is fixed at 90 days. One is not greater than the other. If the ordinance had only provided for a fine not exceeding $100 no one would question its validity. In State v. Marciniak, 97 Minn. 355, 358, 105 N. W. 965, 966, the court comments: "It is just as certain that the penalty imposed by the ordinance is within 'the extent' or limit imposed by the charter as it is that the greater includes the less."

The fact that the penalty provided for is not the same under the ordinance and the state law does not make the ordinance invalid, as long as the penalty clause does not exceed the authority granted to the city council.

In City of Jordan v. Nicolin, 84 Minn. 367, 369, 87 N. W. 915, 916, this court passed upon the question. It states:

"* * * The fact that the maximum fine which may be imposed for a violation of the ordinance is greater than can be imposed for a violation of the statute does not render the ordinance repugnant to the statute, for acts which are punishable under the general laws of the state may also be punished by municipal ordinance, and the latter is valid though the punishment prescribed in each be not the

same. State v. Ludwig, 21 Minn. 202; State v. Harris, 50 Minn. 128, 52 N. W. 387, 531." State v. Collins, 107 Minn. 500, 120 N. W. 1081.

In City of Duluth v. Evans, 158 Minn. 450, 452, 197 N. W. 737, this court said: "The ordinance is co-operative and not antagonistic to the general law. Ordinances may be valid when they relate to the same matter as a state law, even though the punishment prescribed in both be not the same." In State v. Ives, 210 Minn. 141, 297 N. W. 563, the ordinance involved prohibited the sale of nonintoxicating liquor without a license. It provided a penalty of imprisonment in the city workhouse for a term not exceeding 90 days without the option of a fine. The defendant in that case questioned the validity of the ordinance because it provided for a straight workhouse sentence, while the punishment provided for under the city charter for violation of the ordinance gave the option of a fine. This court held the penalty clause of the ordinance valid. Here the defendant claims that the penalty clause of the ordinance involved goes beyond the authority granted to the city council by the state—that it provides for a greater penalty than the state law. We think the question raised in the instant case is essentially the same as was disposed of adversely to the defendant in State v. Ives, *supra.*

The sentence imposed upon defendant seems severe and unreasonable to him. He has been sentenced to the city workhouse for a term of 30 days after he had been convicted of driving his car while under the influence of intoxicating liquor upon evidence which strongly supports the conviction. When the city council of the city of Minneapolis provided for a straight workhouse sentence without the option of a fine it had in mind the menace of the drunken driver on its streets. It was intended not only as a punishment to a violator but also as a deterrent to him and to others. In the case of many drunken drivers a fine is easily paid and the incident quickly forgotten. A workhouse sentence that is not suspended gives the violator opportunity to think, and thinking may change his ways. The experience will not be quickly forgotten.

Providentially for defendant and the driver of the other car involved, the accident was of a minor nature. It might have been serious. He voluntarily made himself a menace to himself and others on the streets and has no reason to feel that he was dealt with too severely.

Order affirmed.