# STATE v. BERNARD STEVENS.

## 75 N. W. (2d) 903.

### March 29, 1956—No. 36,724.

*Vennum, Newhall & Ackman* and *Daniel Hart,* for appellant.

*Charles A. Sawyer,* City Attorney, and *Milton Gershin,* Assistant City Attorney, for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the municipal court of Minneapolis denying defendant's motion for a new trial, or in the alternative for amended findings of fact and a sentence of "Not Guilty" or for the substitution of a fine instead of imprisonment as the sentence of the court.

Defendant was found guilty in the municipal court of driving an automobile while under the influence of intoxicating liquor. This is an offense under Minneapolis City Charter and Ordinances (Perm. ed.) 9:1-303.

Defendant raises as assignments of error on this appeal that the municipal court erred:

(1) In denying defendant's motion for an amended finding of not guilty based upon the ground that the evidence did not support a finding of guilty.

(2) In sentencing the defendant to 90 days in the workhouse without giving him the alternative of paying a fine of up to $100.

■ We will first decide the question of whether the evidence supported the finding of guilty. Defendant, while in the process of driving his truck out of a parking area behind the Pillsbury Annex in the city of Minneapolis, drove across a narrow alley into which the parking area driveway enters and ran the right side of his truck into the left corner of a garage on the edge of the alley. Both the garage and the truck were damaged. Defendant claims that, as he was making a turn from the parking area, some bushes pushed through the open window of the truck and slapped him in the face, causing him to veer off and strike the garage. There is conflicting testimony as to the exact time of the accident but it apparently occurred sometime between 7 and 7:30 p. m. The police were not called until later and did not arrive at the scene until sometime between 8:30 and 9 p. m. At the time the police arrived, defendant, by his own admission, was under the influence of intoxicating liquor. However, it is his claim that he was not in such a condition at the time of the accident but rather that he became intoxicated between the time of the accident and the time the police arrived at the scene.

The two policemen who were called to the scene of the accident were witnesses for the state. They testified that the defendant told them several times at the scene that he had eight to ten "whiskeys" prior to the accident and that he also had two drinks after the accident. Defendant, on the other hand, brought in three witnesses whose testimony substantially corroborated his own, which was to the effect that he had consumed only one bottle of beer prior to the accident.

After reviewing the record, it is our opinion that the finding of the municipal court is reasonably sustained by the evidence and that, insofar as the sufficiency of the evidence is concerned, the judgment of the trial court must be affirmed. Ehmke v. Hill, 236 Minn. 60, 51 N. W. (2d) 811.

In connection with defendant's second assignment of error, our attention is called to Minn. Const. art. 1, § 2, which states that involuntary servitude may only be imposed for the "punishment of crime, whereof the party shall have been duly convicted." It is the claim of the defendant that this section of our constitution precludes the imprisonment of defendant for the violation of a municipal ordinance without being given the alternative of paying a fine up to $100. In response to this claim the state contends that the violation of a municipal ordinance constitutes an offense against the municipality as a sovereign, just as a violation of a criminal statute is a crime against the state. It further contends that a single act may be violation of the laws of both the city and the state which may be prosecuted and punished by each independently according to its own laws and modes of procedure.

Minneapolis City Charter and Ordinances (Perm. ed.) 9:1-303, provides:

"PERSONS UNDER INFLUENCE OF DRUGS, OR LIQUOR, PROHIBITED FROM DRIVING OR OPERATING VEHICLES. It is unlawful for any person who is a habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs to drive or operate any vehicle within this city."

Ordinance 9:1-303.1 reads:

"Every person who is convicted of * * * [driving a vehicle while under the influence of drugs or liquor] shall be punished by imprisonment for not less than 10, nor more than 90 days, or by a fine of not less than $10, nor more than $100. On a second or subsequent conviction, he shall be punished by imprisonment for not less than 30, nor more than 90 days, or by a fine of not less than $25, nor more than $100."

It seems obvious from an examination of the Minneapolis City Charter and Ordinances that the city council of that municipality, under the legislative authority which has been granted to it, may provide for the imposition of penalties in those cases where its ordinances are breached; also that the city council may provide for confinement in the workhouse. Minneapolis City Charter and Ordinances (Perm. ed.) c. 4, §§ 6, 7.

It is settled law in this state that a defendant may be tried for violating a state statute even though he has been previously convicted for the same act under a municipal ordinance. State v. Lee, 29 Minn. 445, 13 N. W. 913; State ex rel. Connolly v. Parks, 199 Minn. 622, 273 N. W. 233. The governing body of a municipality may proceed summarily in those situations where its ordinances are violated with a resulting public offense. This summary jurisdiction is conferred upon justices of the peace and police and municipal courts by authorization of the legislature. The decisions of this court have uniformly held that the legislature has the authority to confer summary jurisdiction upon justices of the peace and police and municipal courts to try offenses against municipal ordinances where the penalty does not exceed a fine of $100 or an imprisonment of 90 days notwithstanding the constitutional question raised by the defendant.

It is clear under the law of this state that the matter of penalty, whether a fine or an imprisonment, is within the discretion of the trial court in summary proceedings where the ordinances of a city have been violated. It is also clear that the violation of an ordinance is properly punishable under our constitution and through

the power delegated to the municipalities by the legislature by a fine or by imprisonment, so that the trial court in its discretion may impose a workhouse sentence without giving the defendant an option of paying a fine even though the punishment as provided in the ordinance is in the alternative. State v. Collins, 107 Minn. 500, 120 N. W. 1081; State v. Ives, 210 Minn. 141, 297 N. W. 563; State v. Weeks, 216 Minn. 279, 12 N. W. (2d) 493; State v. Hope, 212 Minn. 319, 3 N. W. (2d) 499; State ex rel. Connolly v. Parks, 199 Minn. 622, 273 N. W. 233.

It is therefore our opinion that there was no violation of the Minnesota Constitution in these proceedings and that the second assignment of error raised by defendant is without merit. The order of the municipal court denying defendant's motion is affirmed.

Affirmed.