The appellee, Theron Glen Lindsey, was convicted in the Decatur Municipal Court of driving under the influence ("DUI"), a violation of § 16-1, Code of Decatur. The municipal court sentenced him to serve forty days at hard labor and imposed a $600 fine. The appellee appealed his conviction to the circuit court and moved to dismiss the charge against him, alleging that § 16-1(e), Code of Decatur, was void because it was inconsistent with § 32-5A-191, Ala. Code 1975. The circuit court granted the appellee's motion to dismiss, finding that § 16-1(e), Code of Decatur, is void because it "violates the Alabama constitution and state statutes that prohibit a municipality from passing laws inconsistent with State law" and that the ordinance, as it is written, "effectively precludes any sentence for a conviction for DUI in the City of Decatur." (C.R. 3.) This appeal followed.
 I.
The City argues that the circuit court erroneously found that § 16-1 (e), Code of *Page 1159 Decatur, is inconsistent with § 32-5A-191(e), Ala. Code 1975. The Code of Decatur provides, in pertinent part:
 "Sec. 16-1. State offenses adopted.
 "(a) Any person committing an offense within the corporate limits of the city or within the police jurisdiction thereof, which is declared by a law or laws of the state now existing or hereafter enacted to be a misdemeanor shall be guilty of an offense against the city.
 "(b) Any person committing an offense within the corporate limits of the city or within the police jurisdiction thereof, which is declared by a law or laws of the state now existing or hereafter enacted to be a violation, shall be guilty of an offense against the city.
 "(c) Any person committing within the corporate limits of the city or within the police jurisdiction thereof, an offense as defined by section 13A-1-2 of the Alabama Criminal Code (Title 13A, Code of Alabama, 1975, as amended), which offense is not declared by a law or laws of the state now existing or hereafter enacted to be a felony, misdemeanor, or violation, shall be guilty of an offense against the city.
 "(d) Any person found to be in violation of subsections (a), (b), or (c) of this section shall, upon conviction, be punished by a fine of not less than one dollar ($1.00) nor more than five hundred dollars ($500.00) and/or may be imprisoned or sentenced to hard labor for the city for a period not exceeding six (6) months, at the discretion of the court trying the case, unless otherwise provided by subdivision (e) of this section. Any corporation found to be in violation of subsections (a), (b), or (c) of this section shall, upon conviction, be punished by a fine of not less than one dollar ($1.00) nor more than five hundred dollars ($500.00), at the discretion of the court trying the case.
 "(e) Any person found to be in violation of section 32-5A-191, Code of Alabama 1975, as amended, shall, upon conviction, be punished by a fine of not more than five thousand dollars ($5,000.00) and/or may be imprisoned or sentenced to hard labor for no more than one year." (C.R. 7.)
Section 32-5A-191(e), Ala. Code 1975, provides, in pertinent part:
 "Upon first conviction, a person violating this section shall be punished by imprisonment in the county or municipal jail for not more than one year, or by fine of not less than six hundred dollars ($600) nor more than two thousand one hundred dollars ($2,100), or by both a fine and imprisonment."
In his motion to dismiss, the appellee argued that § 16-1(e), Code of Decatur, is inconsistent because it provides for a maximum fine of $5,000 for violations of § 32-5A-191, Ala. Code 1975, without regard to whether the offender has any prior DUI convictions; that the maximum fine for first-time offenders pursuant to § 32-5A-191(e), Ala. Code 1975, is $2,100; and that, because the maximum fine provided for in § 16-1(e), Code of Decatur, exceeds the maximum fine provided for in § 32-5A-191(e), Ala. Code 1975, § 16-1(e), Code of Decatur, is inconsistent with the general laws of the state.
 "`A municipality has the authority to enact ordinances pursuant to its police powers, Ott v. Moody, 283 Ala. 288, 216 So.2d 177 (1968); Smith v. Town of Notasulga, 257 Ala. 382, 59 So.2d 674 (1952), as long as the ordinances are consistent with the general laws of the State. Ala. Const., Art. IV, § 89 (1901); Ala. Code § 11-5-1 (1975).
 "`Whether an ordinance is inconsistent with the general law of the State is *Page 1160 
to be determined by whether the municipal law prohibits anything which the State law specifically permits. See Leu v. City of Mountain Brook, Ala.Cr.App., 386 So.2d 483, cert. denied, Ala., 386 So.2d 488 (1980); Atkins v. City of Tarrant City, Ala.Cr.App., 369 So.2d 322
(1979). See also Atchley v. State, Ala. Cr.App., 393 So.2d 1034 (1981); Plump v. City of Birmingham, Ala.Cr.App.,385 So.2d 1349, cert. denied, Ala., 385 So.2d 1351 (1980).'"
Smith v. City of Huntsville, 515 So.2d 72, 74
(Ala.Crim.App. 1986) (quoting Congo v. State,409 So.2d 475, 477-78 (Ala.Crim.App. 1981)) (emphasis added).
Section 16-1(e), Code of Decatur, does not prohibit conduct that § 32-5A-191(e), Ala. Code 1975, specifically permits. However, it does provide for a greater fine than the fine provided for in § 32-5A-191(e), Ala. Code 1975. This court addressed a similar situation in Donley v. City ofMountain Brook, 429 So.2d 603, (Ala.Crim.App. 1982), as follows:
 "Penalties which may be imposed for violations of municipal ordinances are set out in Alabama Code § 11-5-9 (1975). Section 11-5-9(b) specifically provides:
 "`No fine shall exceed $500.00, and no sentence of imprisonment or hard labor shall exceed six months.'
 "There is no requirement that the punishment for violation of a municipal ordinance and a state statute which proscribes the same act be the same.
 "`The punishment or penalty imposed by municipal corporations for violation of their ordinances or regulations may differ from the punishment or penalty prescribed by state law for the same offense, and more specifically, it has been held that greater or lesser penalties than those that are prescribed by state law may be provided for by ordinance . . .'
 "C.J.S. Municipal Corporations § 178 (1949).
 "When the state has not preempted the field, the same offense may be proscribed by both state and local legislation and the penalties may be different. Chester Tp. v. Panicucci, 62 N.J. 94, 299 A.2d 385 (1973). That the penalty provided for an offense is not the same under city ordinance and state law does not render the ordinance invalid provided the penalty is not in excess of that which the municipality has been granted the authority to impose. State v. Weeks, 216 Minn. 279, 12 N.W.2d 493
(1943). Moreover, a municipal ordinance may impose a heavier penalty for an offense than a state statute imposes for the same act in violation of the statute. City of Fort Scott v. Arbuckle, 165 Kan. 374, 196 P.2d 217 (1948)."
(Emphasis added) (footnote
 A.
First, we must determine whether § 11-5-9(b), Ala. Code 1975, or § 32-5A-191, Ala. Code 1975, provides the City's authority for the maximum fine that may be imposed for the municipal offense of DUI. The appellee argues that § 32-5A-191, Ala. Code 1975, provides the authority for the maximum fine that may be imposed for the offense of DUI. Specifically, he contends that the $5,000 fine provided for in § 11-5-9(b), Ala. Code 1975, is "directly inconsistent with the penalties set forth for a person charged as a first time DUI offender" and that, "[b]y enacting an inconsistent provision in relation to Alabama Code § 11-45-9, the Legislature effectively amended or repealed by implication the DUI reference ordinance punishment provision of Alabama Code § 11-5-9, Ala. Code 1975." (Appellee's brief at p. 19.) *Page 1161 
 "`The first rule of statutory construction is that the intent of the legislature should be given effect. Ex parte McCall, 596 So.2d 4 (Ala. 1992); Volkswagen of America, Inc. v. Dillard, 579 So.2d 1301 (Ala. 1991). However, when possible, the intent of the legislature should be gathered from the language of the statute itself. Dillard, supra. Thus, where the language of the statute is plain, the court must give effect to the clear meaning of that language. Ex parte United Service Stations, Inc., 628 So.2d 501 (Ala. 1993); IMED Corp. v. Systems Eng'g Associates Corp., 602 So.2d 344 (Ala. 1992).'
"Beavers v. County of Walker, 645 So.2d 1365, 1376-77
(Ala. 1994). See also Tuscaloosa County Comm'n v. DeputySheriff's' Ass'n of Tuscaloosa County, 589 So.2d 687, 689
(Ala. 1991) ('Words used in [a] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is clear and unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.' (citations omitted)). Moreover, this Court has stated:
 "`"In determining legislative intent, statutes are, where possible, construed in harmony with statutes existing at the time of enactment, so that each is afforded a field of operation." Sullivan v. State ex rel. Attorney General of Alabama, 472 So.2d 970, 973 (Ala. 1985). "It is a fundamental principle of statutory construction that in enacting the statute the legislature had full knowledge and information as to prior and existing law and legislation on the subject of the statute." Miller v. State, 349 So.2d 129, 131 (Ala.Cr.App. 1977). "[I]n cases of conflicting statutes on the same subject, the latest expression of the legislature is the law. Where a conflict exists between statutes, the last enactment must take precedence." [Baldwin County v.] Jenkins, 494 So.2d [584,] 588 [(Ala. 1986)] (citations omitted).'
 "Hatcher v. State, 547 So.2d 905, 906-07
(Ala.Crim.App. 1989)."
Soles v. State, 820 So.2d 163, 164-65
(Ala.Crim.App. 2001).
Initially, we note that the penalty provisions set forth in §§ 32-5A-191 and 11-45-9(b), Ala. Code 1975, address different subjects. Section 32-5A-191(e), Ala. Code 1975, governs the fines and sentences that may be imposed for the State offense of DUI. Section 11-45-9(b), Ala. Code 1975, governs the fines and sentences that may be imposed for the municipal offense of DUI. Because §§ 32-5A-191(e) and11-45-9(b), Ala. Code 1975, address different subjects, any amendments to the fines provided for in § 32-5A-191(e), Ala. Code 1975, would not effectively amend or repeal by implication the maximum fine set forth in § 11-45-9(b), Ala. Code 1975.
Also, the legislative history of both §§ 32-5A-191 and11-45-9(b), Ala. Code 1975, shows that there is not a conflict between the two statutes. In 1983, the Alabama Legislature enacted Act No. 83-620, Ala. Acts 1983,
 "[t]o amend . . . 32-5A-191 . . . and 11-45-9, Code of Alabama 1975, . . . to generally increase the penalties and other sanctions for violation of 32-5A-191 (DUI); . . . and to allow municipal courts to enforce increased penalties under 32-5A-191 (DUI) by amending 11-45-9." *Page 1162 
Act No. 83-620, Ala. Acts 1983, further provided that §§ 32-5A-191 and 11-45-9 would read as follows:
 "`§ 32-5A-191. . . .
 "`. . . .
 "(c) Upon first conviction, a person violating this section shall be punished by imprisonment in the county or municipal jail for not more than one year, or by fine of not less than $250.00 nor more than $1,000.00, or by both such fine and imprisonment.
 ". . . .
 "§ 11-45-9 "(a) Municipal ordinances may provide penalties of fines, imprisonment, hard labor or one or more of such penalties for violation of ordinances.
 "(b) No fine shall exceed $500.00, and no sentence of imprisonment or hard labor shall exceed six months, except, when in the enforcement of the penalties prescribed in section 32-5A-191, such fine shall not exceed $5,000.00 and such sentence of imprisonment or hard labor shall not exceed one year."
Even at the time § 11-45-9(b), Ala. Code 1975, was amended to provide for a $5,000 fine for municipal violations of § 32-5A-191, Ala. Code 1975, the legislature approved a greater fine for municipal convictions, regardless of whether the offender had any prior DUI convictions, than it did for a first-time offender under § 32-5A-191(e), Ala. Code 1975. Thus, the legislative history indicates that § 11-45-9(b), Ala. Code 1975, is not in direct conflict with § 32-5A-191(e), Ala. Code 1975. Therefore, any subsequent amendment to the fines provided for in § 32-5A-191, Ala. Code 1975, did not effectively amend or impliedly overrule the fines provided for in § 11-45-9(b), Ala. Code 1975. Accordingly, § 11-45-9(b), Ala. Code 1975, is the appropriate section to use in determining whether the fine provided for in § 16-1(e), Code of Decatur, exceeds the amount the municipality has been granted the authority to impose.
 B.
Next, we must determine whether the maximum fine provided for in § 16-1(e), Code of Decatur, exceeds the amount the City was granted the authority to impose. Section 16-1(e),Code of Decatur, provides for a maximum fine of $5,000 for conduct that constitutes a violation of § 32-5A-191, Ala. Code 1975. Section 11-45-9(b), Ala. Code 1975, provides, in pertinent part:
 "No fine shall exceed $500.00, and no sentence of imprisonment or hard labor shall exceed six months except, when in the enforcement of the penalties prescribed in section 32-5A-191, such fine shall not exceed $5,000.00 and such sentence of imprisonment or hard labor shall not exceed one year."
(Emphasis added.) The maximum fine set forth in § 16-1(e),Code of Decatur, does not exceed the maximum authorized by § 11-45-9(b), Ala. Code 1975. Therefore, § 16-1(e), Code of Decatur, is not void.
 II.
The City also argues that § 16-1, Code of Decatur, "clearly sets forth a definition of an offense against the City and the sentencing ranges for violation of an offense against a City." (City's brief at p. 23.) In its written entry on the case action summary sheet, the circuit court found: "[T]he ordinance adopting the State statutes (Section 16-1(e)) as written effectively precludes any sentence for a conviction for DUI in City of Decatur." (C.R. 3.) During the hearing on the motion to dismiss, the following occurred:
 "[DEFENSE COUNSEL:] We say that the municipal ordinance of the City of Decatur then has a — you can't — we *Page 1163 
can't rewrite their ordinance. What they should have done in my opinion is say we do hereby adopt the penalties under 32-5A-191. In their ordinance they even say that anyone found to be guilty of 32-5A-191
blah, blah, blah" the last sentence of their ordinance is the punishment section.
 "You cannot — a municipal prosecution — you cannot violate a state code section. You have to violate the municipal ordinance.
 "I think that is a little hypertechnical; however it is a correct statement of the law.
 "Be that as it may, the provision in the ordinance that says you can send somebody to jail up to one year in prison and fine them up to $5,000.00 is inconsistent with the general laws of the state as it relates to DUI punishment insofar as it provides a punishment up to $5,000.00 even on the first offense.
 "THE COURT: Okay. So the effect of your argument is what?
 "[DEFENSE COUNSEL]: The effect of the argument is since there is not a punishment section that would render the offense, that would render the ordinance void.
 "THE COURT: Is there severability?
 "[DEFENSE COUNSEL]: They are not alleging severability.
 "THE COURT: Well ____
 "[DEFENSE COUNSEL]: Well, if you sever that, there is no ____
 "THE COURT: There is still jail or arguably the fine would be ____
 "[PROSECUTOR]: Judge, as I recall, and [defense counsel] told me about this just a little bit ago, and I haven't had a chance to go read anything on it, but as I recall, when we passed a similar ordinance out at Somerville when I was city attorney out there, the thrust of it was not that we couldn't — that we would not be able to prosecute DUIs, but we were going to be missing out on revenue if we didn't raise the amount of fines that we collected under the DUI statute, because municipalities are limited to a $500.00 fine in any state misdemeanor. And I think — I believe that there are state misdemeanors that fines can be higher than $500.00. In a municipality you can't have a fine higher than $500.00. And it is a violation of the municipal ordinance, not of the state statute. So I think that — I guess my argument — my argument is that under the facts of this particular case [the appellee] is a first offender. We don't allege him to be any more than that. He is well within that punishment and fine range as set out in the 16-1.
 "[DEFENSE COUNSEL]: That argument — that argument doesn't validate the ordinance. The ordinance is — municipal ordinances have to be into — there is no severability ordinance being pled nor proven. And 16-1 ordinance has to stand on its own four legs.
 "THE COURT: You really — in a municipal [context] there would never be a violation of the section.
 "[DEFENSE COUNSEL]: That is correct.
 "[PROSECUTOR]: Well ____
 "THE COURT: It is just that — it should say in violation of Section 16___
 "[PROSECUTOR]: Right.
 "THE COURT: — which incorporated 32-5A-191.
 "[DEFENSE COUNSEL]: And the penalty provisions therein.
 "THE COURT: Yes.
 "[DEFENSE COUNSEL]: Right.
 ". . . . *Page 1164 
 THE COURT: That is interesting because really the way it is written that subsection would never happen.
 "[PROSECUTOR]: There is that argument. I can't deny it. That looks like it, but I think it is pretty clear what they intended to say was is that — is that they incorporated state misdemeanors, DUI being one of them, and that incorporated statute — violation that in incorporated statute. Any conviction under that incorporated statute the punishment and fine would be not more than $5,000.00 or not more than one year.
 "THE COURT: But, even worse, they did right in D, because they say any person found to be in violation of Subsection A, B or C, but that is the way they should have done it.
 "Granted."
(R. 9-15.)
Although it is not entirely clear, it appears that the circuit court based its finding that § 16-1(e), Code ofDecatur, "as written effectively precludes any sentence for a conviction for DUI in City of Decatur" on the fact that § 16-1(e), Code of Decatur, refers to a violation of § 32-5A-191, Ala. Code 1975, rather than a violation of § 16-1(a), Code of Decatur, incorporating § 32-5A-191(e), Ala. Code 1975.
 "All city ordinances appearing in the same chapter of a city code are in pari materia, and must be construed together and, if possible, be interpreted so as to be in harmony. Sloss-Sheffield Steel and Iron Co. v. Allred, 247 Ala. 499, 25 So.2d 179."
Philyaw v. City of Birmingham, 36 Ala. App. 112, 116,54 So.2d 619, 621-22 (1951). Also, when construing an ordinance, the court should construe "the ordinance . . . so as to carry out the intent of the city council." ServiceRealty Ins. Co., Inc. v. Klinefelter,470 So.2d 1172, 1174 (Ala. 1985).
Pursuant to § 16-1 (a), Code of Decatur, a misdemeanor violation of § 32-5A-191, Ala. Code 1975, would constitute the offense of DUI in the City of Decatur. When read in context, it is clear that the city council intended that § 16-1(e), Code of Decatur, would provide penalties for the municipal offense of DUI. Consequently, the circuit court improperly held that § 16-1(e), Code ofDecatur, was void for this reason.
For the above-stated reasons, § 16-1(e), Code ofDecatur, is not void. Therefore, the circuit court erred when it dismissed the charge against the appellee. Accordingly, we reverse the circuit court's judgment and remand this case to the circuit court for proceedings that are consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.